Christopher THORNTON

v.

STATE of Rhode Island.

No. 2006–0221–Appeal.

Supreme Court of Rhode Island.

June 13, 2008.

Mark LaRoche, Esq., Providence, for Petitioner.

Aaron Weisman, Esq., Providence, for Respondent.

Present: GOLDBERG, FLAHERTY, SUTTELL, and ROBINSON, JJ.

# OPINION

Justice ROBINSON for the Court.

The applicant, Christopher Thornton, appeals to this Court from the denial of his application for postconviction relief. On appeal, the applicant contends that the hearing justice did not follow the procedural requirements set forth by this Court in *Shatney v. State*, 755 A.2d 130 (R.I. 2000).

This case came before the Supreme Court for oral argument on May 14, 2008, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After considering the record, the memoranda submitted by the parties, and the oral arguments of counsel, we are of the opinion that cause has not been shown and that the case should be decided at this time.

For the reasons set forth below, we affirm the judgment of the Superior Court.

## Facts and Travel

On September 23, 1996, Mr. Thornton was indicted by a grand jury, which indictment charged him with ten offenses stemming from an incident that occurred in June of 1996 at the home of a woman who had previously been his girlfriend.[1] Fol-

lowing a jury trial, he was convicted of the following offenses: felony assault with a dangerous weapon; felony assault resulting in serious bodily injury; violation of a no-contact order; kidnapping his former girlfriend; and intimidating a witness. This Court affirmed his conviction in *State v. Thornton*, 800 A.2d 1016 (R.I.2002); that opinion contains a thorough recitation of the facts and procedural history with respect to Mr. Thornton's trial and eventual conviction.

On December 6, 2004, following this Court's affirmance of his conviction, Mr. Thornton filed a *pro se* application for postconviction relief pursuant to G.L. 1956 § 10-9.1-1; in that application, he alleged ineffective assistance of counsel, judicial error with respect to the waiver of his constitutional rights, and error in his sentencing. Thereafter, on January 21, 2005, an attorney was appointed to represent applicant in his postconviction relief action. On February 9, 2006, after conducting a review of Mr. Thornton's application for postconviction relief, that attorney filed a "no-merit" memorandum in accordance with what he believed was required under *Shatney;*[2] together with that memorandum, the attorney filed a motion to withdraw from further representation of Mr. Thornton.

A hearing was subsequently held on February 17, 2006 at which the hearing

---

1. The grand jury's indictment contained ten counts. Those counts were: (1) first-degree sexual assault of his former girlfriend; (2) assault with a dangerous weapon in a dwelling; (3) felony assault with a dangerous weapon; (4) assault with intent to murder his former girlfriend; (5) felony assault resulting in serious bodily injury; (6) breaking and entering a dwelling without consent; (7) violation of a no-contact order; (8) kidnapping his former girlfriend; (9) intimidating a witness; and (10) kidnapping his daughter. This Court's opinion concerning the original appeal summarizes the results of the trial with

respect to each count. *State v. Thornton*, 800 A.2d 1016, 1021 (R.I.2002).

2. In *Shatney v. State*, 755 A.2d 130 (R.I.2000), this Court outlined a procedure whereby court-appointed counsel, after reaching the conclusion that an application for postconviction relief lacks merit, may seek to withdraw during a postconviction relief proceeding. A more thorough discussion of this procedure appears in the Analysis section of this opinion, *infra*.

justice expressed concern that the *Shatney* memorandum that applicant's counsel had submitted did not address "the specific grounds that Mr. Thornton believes, rightly or wrongly, should be grounds for post-conviction relief * * *." In particular, the hearing justice was concerned about two issues that he believed counsel had not addressed in his "no-merit" memorandum. Those issues were: (1) whether or not "Mr. Thornton should have been afforded some colloquy by the trial justice relative to his * * * decision not to testify on his own behalf" and whether or not "there was a knowing and voluntary waiver of that right;" and (2) the constitutional issues raised by Mr. Thornton with respect to his sentencing. Although the hearing justice acknowledged that the attorney did in fact address those issues orally in the course of the February 17 hearing, he nevertheless directed the attorney to supplement his original memorandum by addressing the two aforementioned issues in a written submission.[3]

On April 19, 2006, applicant's court-appointed attorney filed a supplemental memorandum, which specifically addressed the two issues pointed to by the hearing justice at the February 17 hearing. Subsequently, on April 21, 2006, applicant filed a *pro se* Motion to File an Addendum and Memorandum of Law, which included further allegations concerning what, in his view, constituted ineffective assistance of counsel and judicial error.

Thereafter, on May 19, 2006, a hearing was held before the same justice of the Superior Court who had presided over the February 17 proceeding. During the hearing, counsel for Mr. Thornton stated that he had found no merit in the issues which the court had directed him to address; he further stated that he "st[ood] by [his] original recommendation to [the] Court that under *Shatney* * * * [he] be permitted to withdraw from the case and that * * * Mr. Thornton then [could] address the court and go forward on the hearing pro se." For its part, the state suggested that, because the majority of the allegations in applicant's postconviction relief application had been addressed by this Court in its decision affirming the conviction (*State v. Thornton*, 800 A.2d 1016 (R.I.2002)), the Superior Court should, rather than "simply discharging counsel and moving forward and allowing [applicant] to proceed pro se," deny postconviction relief for all but the ineffective assistance of counsel claims.

The hearing justice, after hearing from all of the parties (including Mr. Thornton), reviewed the claims that applicant had raised in his initial postconviction relief

---

**3.** At the February 17 hearing, Mr. Thornton himself submitted *pro se* to the Superior Court hearing justice a supplemental memorandum in support of his application for postconviction relief, in which memorandum he expanded on his claims of ineffective assistance of counsel and judicial error.

The applicant's supplemental memorandum asserted several claims of error that he alleged were committed during the underlying criminal trial. Those claims were as follows: (1) that the trial justice imposed an illegal sentence in violation of the Double Jeopardy Clause, the Fifth Amendment to the United States Constitution, and article 1, section 7, of the Rhode Island Constitution; (2) that applicant's right to a trial by a jury of his peers was violated because there were no African–Americans on the jury; (3) that applicant was "ineffective to give assistance to himself;" (4) that applicant "was not adequately advised of his right to raise the issue of an instruction on lesser-included offenses that should have been given to the jury;" (5) that standby counsel had impermissible *ex parte* contacts with the trial justice outside of the presence of applicant; (6) that the trial justice erred by conducting six conferences in chambers in order to discuss applicant's motion to conduct a hearing on the potential bias of certain jury members; and (7) that standby counsel provided ineffective assistance.

application and in his supplemental memorandum of February 17 and determined that applicant had not raised any justiciable issues; accordingly, the hearing justice denied the application for postconviction relief as to those claims. In doing so, the hearing justice stated:

"As to any issues raised and determined and reviewed by [counsel], as to your stated grounds and application for postconviction relief that were raised in any of the pleadings before this Court filed by you pro se, prior to the April 21, 2006 filing, [counsel] has reviewed those * * * [and] has reported to the Court on those, and has convinced the Court that the grounds stated in any and all of those previous applications do not state grounds that are arguable and colorable for support of your application for postconviction relief."

However, after referring to applicant's postconviction relief application as a "moving target," the hearing justice again directed counsel to review applicant's claims of ineffective assistance of counsel as set forth in his April 21, 2006 pro se memorandum. In so doing, the hearing justice made it clear that any of the issues contained in applicant's initial application and memorandum of February 17 that had just been "referred to and just ruled upon are not going to be reconsidered at any further hearings of the Court." The hearing justice reiterated that he had "resolved those issues * * * concluded those issues, and those issues do not form the legitimate basis for a post-conviction remedy." He further stated that he was "denying postconviction relief on those grounds." Consequently, counsel filed a second supplemental memorandum on June 5, 2006, addressing the specific claims set forth in applicant's April 21 pro se memorandum and once more concluding that the application for postconviction relief should be dismissed.

Thereafter, on June 9, 2006, a hearing was held before that same hearing justice; at that hearing, the hearing justice found that the new issues raised by the applicant in his April 21 pro se memorandum were barred because they "should have been, or could have been or in fact some of them were raised in his direct appeal."

Accordingly, an order denying Mr. Thornton's application for postconviction relief was entered on July 5, 2006; it is from that denial that applicant appeals.

On appeal, applicant raises numerous issues for this Court's review; the crux of his appeal, however, involves the appropriateness of the denial of his application for postconviction relief. The applicant asserts "that the Superior Court proceedings in his post conviction [sic] relief application were similar to what happened [to] Louis Shantey [sic] and require the same relief provided to Mr. Shatney, i.e.[,] remand and appointment of new counsel." The applicant also asserts that his court-appointed counsel did not follow the dictates outlined by this Court in *Shatney*.

For its part, the state maintains that the strictures of *Shatney* did not require that the trial justice permit further litigation of the postconviction relief application after he made the determination, following the submission of memoranda by both appointed counsel and applicant and oral argument with respect to same, that each of applicant's contentions lacked merit.

### Standard of Review

■■■ Pursuant to § 10–9.1–1, the remedy of postconviction relief is available to any person who has been convicted of a crime and who thereafter alleges either that the conviction violated the applicant's constitutional rights or that the existence of newly discovered material facts requires that, in the interest of justice, the convic-

tion be vacated.[4] *Larngar v. Wall,* 918 A.2d 850, 855 (R.I.2007). When this Court reviews a hearing justice's determination with respect to an application for postconviction relief, we will not disturb the findings of the hearing justice "absent clear error or a showing that the [hearing] justice overlooked or misconceived material evidence." *State v. Thomas,* 794 A.2d 990, 993 (R.I.2002); *see also Gonder v. State,* 935 A.2d 82, 85 (R.I.2007).

At the same time, however, "questions of fact concerning whether a defendant's constitutional rights have been infringed, and mixed questions of law and fact with constitutional implications, are reviewed *de novo.*" *Thomas,* 794 A.2d at 993 (internal quotation marks omitted); *see also Gonder,* 935 A.2d at 85. Even when the *de novo* standard is applied to issues of constitutional dimension, we still accord a hearing justice's findings of historical fact, and inferences drawn from those facts, great deference in conducting our review. *See Gonder,* 935 A.2d at 85; *Thomas,* 794 A.2d at 993; *Ouimette v. State,* 785 A.2d 1132, 1135 (R.I.2001).

## Analysis

The applicant's assertion that the hearing justice denied him the procedural protections that this Court outlined in *Shatney* is wholly unavailing. In *Shatney,* this Court articulated the standards that should govern the actions of appointed counsel who seek to withdraw from a postconviction relief proceeding after reaching the conclusion that the postconviction relief application is meritless. *Shatney,* 755 A.2d at 135. In such circumstances, this Court stated:

"[A]ppointed counsel must file with the court and serve upon the applicant a motion to withdraw accompanied by a 'no-merit' memorandum that details the nature and extent of his or her review of the case, lists each issue the applicant wished to raise, and explains why in counsel's professional opinion those issues and any others that he or she may have investigated lacked merit. The court then must conduct a hearing with the applicant present. If, based upon its review of counsel's assessment of the potential grounds for seeking post-conviction relief and of any other issues that the applicant wishes to raise, the court agrees that those grounds appear to lack any arguable merit, then it shall permit counsel to withdraw and advise the applicant that he or she shall be required to proceed pro se, if he or she chooses to pursue the application." *Id.*

As was aptly noted by the state in its pre-brief to this Court, we encountered a similar set of facts in the case of *Brown v. State,* 841 A.2d 1116 (R.I.2004), when we considered the argument of the applicant in that case that the hearing justice failed to follow the procedures outlined in *Shatney.* *Id.* at 1122–23. In *Brown,* we concluded that "[t]he trial justice * * * essentially followed [the *Shatney*] procedure because after hearing from [the applicant's] attorney, she afforded him an opportunity to speak on his own behalf and to dispute the points made in his counsel's no-merit memorandum." *Id.* at 1123. We also noted that the hearing justice granted the applicant a second hearing on his motion for reconsideration, during which

---

4. A defendant who files an application for postconviction relief must prove, by a preponderance of the evidence, that such relief is warranted. *See, e.g., Gonder v. State,* 935 A.2d 82, 84 n. 1 (R.I.2007); *Larngar v. Wall,* 918 A.2d 850, 855 (R.I.2007); *see also Estrada v. Walker,* 743 A.2d 1026, 1029 (R.I.1999); *Jacques v. State,* 669 A.2d 1124, 1129 (R.I. 1995).

hearing he was able to fully argue for postconviction relief. *Id.*

In the case at bar, we conclude that the hearing justice essentially complied with the requirements of *Shatney.* First, in a commendable effort to ensure that counsel addressed each of applicant's contentions, the trial justice directed counsel to address specific issues and conducted three separate hearings with both counsel and applicant present. Secondly, applicant was permitted to submit to the court two *pro se* memoranda to supplement his application for postconviction relief; both of those memoranda were referenced at oral argument and then addressed by the hearing justice when he announced his decision. Thirdly, applicant was given an opportunity to speak on his own behalf at all three hearings; and he was permitted to dispute the arguments made in each of the no-merit memoranda, both at oral argument and in his supplemental filings. Similarly to the applicant in *Brown,* applicant in the case at bar was able to fully argue his case for postconviction relief and was not denied the procedural protections of *Shatney.*

Because the trial justice, having reviewed the memoranda of applicant and his court-appointed counsel and having heard oral argument with respect to same, determined that Mr. Thornton's application for postconviction relief was unavailing, it is our view that to permit the applicant to proceed on a *pro se* basis in order to pursue his application would have been an exercise in futility and an inefficient use of judicial resources. Accordingly, under the circumstances presented herein, we conclude that the hearing justice properly denied the applicant's postconviction relief application and that he did not violate the essence of the procedures outlined in *Shatney.* *See Brown,* 841 A.2d at 1122–23.

### Conclusion

For the reasons delineated in this opinion, the applicant's appeal is denied and dismissed. The judgment appealed from is affirmed, and the papers in the case may be remanded to the Superior Court.

Chief Justice WILLIAMS did not participate.