Carlton J. **BLEAU**

v.

**STATE of Rhode Island.**

**No. 2008–0037–Appeal.**

Supreme Court of Rhode Island.

April 21, 2009.

Christopher Gontarz, Esq., Middletown, for Plaintiff.

Aaron L. Weisman, Esq., Department of the Attorney General, for Defendant.

## ORDER

The applicant, Carlton J. Bleau, appeals to this Court from the March 24, 2005 denial of his June 2004 application for postconviction relief. On appeal, the applicant does not point to any specific errors that the hearing justice made in the course of the proceedings leading to the denial of his June 2004 application for postconviction relief.

The facts which led to applicant's conviction of multiple felonies (including, *inter alia*, first-degree sexual assault) are set forth in our opinion dealing with his appeal from that conviction, *State v. Bleau,* 668 A.2d 642 (R.I.1995). (While the reader of this order is free to review that earlier narrative, we do not deem it necessary to summarize it here.) In his appeal that was decided by this Court in 1995, Mr. Bleau argued (1) that his right to a speedy trial had been violated; (2) that he had been denied a fair trial because his request for a new attorney had been denied; and (3) that his motion for new trial should have been granted. In its 1995 opinion, this Court considered those arguments to be lacking in merit, denied the appeal, and affirmed the judgment of conviction. *Id.* at 646.

Approximately two years after his conviction, applicant learned that an FBI agent who had testified at his trial regarding certain tests performed on fabric and hair samples taken from the scene of the crime may have provided misleading testimony. At some point thereafter, Mr. Bleau filed an application for postconviction relief (based on the newly discovered evidence provision of G.L. 1956 § 10–9.1–1). *See Bleau v. Wall,* 808 A.2d 637 (R.I. 2002). That first application for postconviction relief (based on newly discovered evidence) was granted by a justice of the Superior Court, without having held an evidentiary hearing, and the state appealed.

On appeal, this Court reversed the hearing justice's ruling; the Court concluded that the evidence presented by the FBI agent at applicant's trial was cumulative and that no new trial was called for. *Bleau,* 808 A.2d at 644. The case was remanded "with instructions to deny and

dismiss [applicant's] application for post-conviction relief* * *." *Id.* at 645.

Thereafter, in June of 2004, Mr. Bleau filed a second application for postconviction relief. In that second application, applicant argued that his conviction should be reversed because (1) he was denied the right to a speedy trial; (2) he was denied a fair trial because the trial justice refused to appoint a new attorney to represent him; and (3) he was denied effective assistance of counsel. The applicant also filed a motion for new counsel. The state objected to the application for postconviction relief and filed a motion to dismiss.

A hearing on applicant's second application for postconviction relief was held in the Superior Court on March 24, 2005, at which hearing the applicant represented himself. The hearing justice denied the application in open court, and Mr. Bleau appealed to this Court.[1]

■ Section 10–9.1–1 provides the right to seek postconviction relief to any person who has been convicted of a crime and who thereafter alleges either (1) that the conviction violated the applicant's constitutional rights or (2) that the existence of newly discovered material facts requires vacation of the conviction in the interest of justice. *See, e.g., Thornton v. State,* 948 A.2d 312, 315–16 (R.I.2008); *Mattatall v. State,* 947 A.2d 896, 901 (R.I.2008); *Larngar v. Wall,* 918 A.2d 850, 855 (R.I.2007). It is the burden of an applicant for postconviction relief to prove, by a preponderance of the evidence, that such relief is warranted. *Thornton* 948 A.2d at 315–16; *see also Larngar* 918 A.2d at 855; *Gonder*

*v. State,* 935 A.2d 82, 84 n. 1 (R.I.2007). When this Court reviews a hearing justice's decision with respect to an application for postconviction relief, it will not disturb the findings of the hearing justice "absent clear error or a showing that the [hearing] justice overlooked or misconceived material evidence." *State v. Thomas,* 794 A.2d 990, 993 (R.I.2002); *see Thornton,* 948 A.2d at 316; *Gonder,* 935 A.2d at 85.

■ It is noteworthy that on appeal applicant does not point to any errors on the part of the hearing justice in the course of the proceedings leading to the denial of his second application for postconviction relief. Of the three grounds cited by applicant as entitling him to postconviction relief, two were clearly raised in his direct appeal to this Court and were addressed by this Court at that time: (1) the denial of his right to a speedy trial and (2) the refusal of the trial justice to appoint new counsel.

This Court has repeatedly held that an applicant may not raise issues in a postconviction relief application that were raised and decided in a direct appeal from a conviction. *Carillo v. Moran,* 463 A.2d 178, 182 (R.I.1983) ("[T]his court has held, on appeal from the denial of postconviction relief, that our decision on the defendant's direct appeal * * * was *res judicata* of a substantially identical issue raised in the application for postconviction relief."). As a result, the first two of applicant's grounds for seeking postconviction relief in his second petition (*viz.,* the alleged denial of his right to a speedy trial and the trial justice's refusal to appoint new counsel)

---

1. Although applicant filed his appeal before judgment was entered (on February 8, 2008), this Court has stated that it will treat a premature appeal as if it had been timely filed. *See, e.g., Brown v. State,* 964 A.2d 516, 526 n. 14 (R.I.2009) ("We repeatedly have said that we treat premature appeals as timely filed.");

*see also State v. Oliveira,* 961 A.2d 299, 306 n. 9 (R.I.2008); *State v. McManus,* 950 A.2d 1180, 1181 n. 2 (R.I.2008) (mem.); *State v. Rodriguez,* 917 A.2d 409, 413 n. 6 (R.I.2007); *State v. Hesford,* 900 A.2d 1194, 1197 n. 3 (R.I.2006).

were barred by the doctrine of *res judicata* and, therefore, are not properly before this Court.

The third issue raised by the applicant in his second application for postconviction relief is that his trial counsel provided ineffective assistance of counsel. The alleged ineffectiveness consisted of what Mr. Bleau contends was (1) an absence of pretrial investigation; (2) a failure to file a bill of particulars; and (3) a lack of pretrial preparation with the applicant. In our judgment, Mr. Bleau is not entitled to litigate further the allegation of ineffective assistance of counsel. The plain fact is that, as this Court noted several years ago, in his initial appeal the applicant "actually conceded that trial counsel had not improperly represented him." *Bleau,* 668 A.2d at 646. In our view, the applicant is thereby judicially estopped from further pursuing this issue.

Accordingly, the applicant's appeal is denied and dismissed. The judgment appealed from is affirmed, and the papers in this case may be remanded to the Superior Court.