Efrain OTERO

v.

STATE of Rhode Island.

No. 2008–330–Appeal.

Supreme Court of Rhode Island.

June 23, 2010.

C. Daniel Schrock, Esq., for Plaintiff.

Aaron L. Weisman, Esq., Department of Attorney General, for Defendant.

Present: SUTTELL, C.J., GOLDBERG, and FLAHERTY, JJ.

## OPINION

Chief Justice SUTTELL, for the Court.

The applicant, Efrain Otero, appeals from a Superior Court judgment denying his application for postconviction relief. This case came before the Supreme Court for oral argument pursuant to an order directing the parties to show cause why the issues raised in this appeal should not summarily be decided. After examining the written and oral submissions of the parties, we conclude that this appeal may be resolved without further briefing or argument. For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

## I

### Facts and Procedural History

The underlying facts of this case are set out in *State v. Otero*, 788 A.2d 469, 470 (R.I.2002), in which this Court affirmed the convictions of applicant. On June 27, 1998, Mr. Otero shot and killed a man in a Providence bar. According to witness testimony, applicant entered the bar and shot the man five times. On August 12, 1999, a jury convicted him of first-degree murder and carrying a pistol without a license, for which he was sentenced to life imprisonment and a ten-year suspended sentence. On January 24, 2002, this Court affirmed the judgment of conviction and commitment. *Id.*

On June 19, 2002, applicant filed a *pro se* application for postconviction relief in Superior Court on the grounds that the trial justice did not consider "all relevant, reliable, and probative evidence * * * before instructing the jury on self-defense" and that he received ineffective assistance of counsel at his trial. Upon applicant's subsequent motion, counsel was appointed to represent him.

The appointed counsel thereafter filed a motion to withdraw, stating that the application was wholly frivolous and without merit. To support his motion to withdraw, appointed counsel filed a "no-merit" memorandum in accordance with the requirements set forth by this Court in *Shatney v.*

*State,* 755 A.2d 130 (R.I.2000). Specifically, the memorandum stated that (1) the evidentiary issues raised in the postconviction-relief application already had been addressed at trial and on direct appeal; (2) applicant's allegations of witness coercion would not have refuted the other substantial evidence presented; (3) appointed counsel was unable to confirm applicant's assertion that another witness may have had new, exculpatory information; and (4) appointed counsel did not believe that the trial counsel's failure to conduct a more rigorous cross-examination of certain witnesses constituted ineffective assistance of counsel.

On April 19, 2004, a hearing was held on appointed counsel's motion to withdraw.[1] The applicant was aided by an interpreter at that hearing. The appointed counsel expressed his wish to withdraw, in accordance with *Shatney,* and requested that the hearing justice preserve Mr. Otero's argument about newly discovered evidence.[2] The state suggested that it was appropriate for the hearing justice to deny the remainder of applicant's claims, but it agreed to the preservation of the newly discovered evidence claim. The hearing justice then addressed Mr. Otero, noting that the latter had the assistance of an interpreter. The hearing justice inquired whether applicant had any questions about what appointed counsel had stated on his behalf or what the state had argued; applicant had no such questions.

The hearing justice did not rule on applicant's newly discovered evidence claim and found his other claims "groundless," thereupon dismissing them. At that point, the hearing justice asked applicant "Do you understand that, sir?", and applicant responded "Yes. Yes, I understand."

On August 16, 2004, applicant filed a second *pro se* application seeking postconviction relief. In his application, Mr. Otero asserted ineffective assistance of trial counsel because his counsel failed to object to Det. Robert Badessa's testimony on the grounds that he was not qualified as an expert and that he failed to engage a medical expert on the issue of applicant's diminished capacity. The applicant also argued that the trial justice erred by improperly instructing the jury on the elements of second-degree murder.

Thereafter, a private attorney filed an entry of appearance on behalf of applicant. On June 14, 2005, that attorney filed an application for postconviction relief and a memorandum in support thereof, which es-

---

1. During the hearing on April 19, 2004, appointed counsel and the state referred to a previous hearing. It appears from the docket and statements made during the hearing on April 19, 2004 that this previous hearing most likely took place on April 5, 2004. The appointed counsel stated that he had addressed his "no-merit" memorandum in open court at the previous hearing. On appeal, this Court was not provided with the transcript of this first hearing.

2. The appointed counsel made the following statement:

    "[A]t this time, I would like to ask, on behalf of Mr. Otero, prior to withdrawing as his counsel, the opportunity for Mr. Otero to withdraw that portion of his petition for post-conviction relief that deals with allegations of new evidence, more particularly, a new witness in that Mr. Otero has not fully investigated those issues relative to new evidence, and Mr. Otero has indicated to me, as recently as of today, that he would like an additional several months time to perhaps retain private counsel and/or an investigator to assist him in gathering that information."

    There appears to have been some confusion surrounding this statement. It is clear to this Court that appointed counsel intended to withdraw the newly discovered evidence claim for purposes of preserving the claim and that appointed counsel did not withdraw any of applicant's other claims.

sentially mirrored Mr. Otero's August 16, 2004 *pro se* application and reiterated the grounds previously set forth. That same day, a hearing was held on Mr. Otero's applications for postconviction relief.

At the June 14, 2005 hearing, the state argued that applicant addressed a number of issues in his postconviction-relief memorandum that were barred by *res judicata* and that applicant had failed to present, or even allege, newly discovered evidence in his memorandum or at the hearing. In response, the hearing justice noted that most of the substantive issues raised in the petition for postconviction relief had been disposed of and that the case had been continued to allow applicant to investigate his claim of newly discovered evidence. The hearing justice concluded that Mr. Otero had failed to present any newly discovered evidence, and he denied the applications from the bench.

A premature notice of appeal was filed on July 11, 2005,[3] and judgment entered denying postconviction relief on June 23, 2008.

## II

### Standard of Review

"[P]ost-conviction relief is available to a defendant convicted of a crime who contends that his original conviction or sentence violated rights that the state or federal constitutions secured to him." *Ballard v. State,* 983 A.2d 264, 266 (R.I. 2009) (quoting *Young v. State,* 877 A.2d 625, 628 (R.I.2005)); *see also* G.L.1956 § 10–9.1–1(a)(1) (providing a statutory right to postconviction relief for constitutional violations). On review, this Court gives "great deference to the [hearing] justice's findings of fact." *Moniz v. State,*

933 A.2d 691, 694 (R.I.2007). However, "[t]his Court will * * * 'review *de novo* any post-conviction relief decision involving questions of fact or mixed questions of law and fact pertaining to an alleged violation of an applicant's constitutional rights.'" *Bustamante v. Wall,* 866 A.2d 516, 522 (R.I.2005) (quoting *Taylor v. Wall,* 821 A.2d 685, 688 (R.I.2003)).

## III

### Discussion

### A

### Procedural Claims

On appeal, Mr. Otero asserts that the hearings on April 19, 2004 and June 14, 2005 were defective on procedural grounds. Specifically, he argues that the hearing justice improperly allowed his appointed counsel to withdraw his original postconviction-relief claims as he concurrently sought to withdraw as counsel. He further contends that the hearing justice should have advised him at the hearing on April 19, 2004, in accordance with *Shatney,* that he could proceed *pro se* with his claims. With respect to the hearing on June 14, 2005, applicant avers that his counsel was not prepared and that the hearing justice should have intervened and *sua sponte* afforded him the opportunity to proceed *pro se.*

The applicant's arguments are wholly unavailing. The applicant's first argument is fatally flawed because his appointed counsel did not, in fact, withdraw his postconviction-relief claims. The only claim appointed counsel "withdrew" was the newly discovered evidence claim, and it was withdrawn for the purpose of preservation. Rather, at the hearing on April 19,

---

**3.** The applicant's premature appeal is valid because final judgment was entered thereafter. *See Bleau v. State,* 968 A.2d 276, 278 n. 1 (R.I.2009) (mem.); *State v. Oliveira,* 961 A.2d 299, 306 n. 9 (R.I.2008).

2004, applicant's other postconviction-relief claims were dismissed by the hearing justice.

■ Mr. Otero's second argument, that the hearing justice should have advised him of his right to proceed *pro se* at the hearing on April 19, 2004, is similarly unavailing. In *Shatney*, this Court set forth the procedures a hearing justice must follow when an appointed counsel of an applicant for postconviction relief seeks to withdraw from representation. This Court stated:

"[A]ppointed counsel must file with the court and serve upon the applicant a motion to withdraw accompanied by a 'no-merit' memorandum that details the nature and extent of his or her review of the case, lists each issue the applicant wished to raise, and explains why in counsel's professional opinion those issues and any others that he or she may have investigated lacked merit. The court then must conduct a hearing with the applicant present. If, based upon its review of counsel's assessment of the potential grounds for seeking post-conviction relief and of any other issues that the applicant wishes to raise, the court agrees that those grounds appear to lack any arguable merit, then it shall permit counsel to withdraw and advise the applicant that he or she shall be required to proceed pro se, if he or she chooses to pursue the application." *Shatney*, 755 A.2d at 135.

With respect to advising applicants of their right to proceed *pro se*, we have said that the *Shatney* procedures must be "essentially followed," emphasizing that the applicant must be given the opportunity to be heard. *Thornton v. State*, 948 A.2d 312, 316 (R.I.2008) (quoting *Brown v. State*, 841 A.2d 1116, 1123 (R.I.2004)).

The case before us is analogous to *Thornton*, 948 A.2d at 317, in which we held that the hearing justice had "essentially complied" with the requirements of *Shatney*, and therefore, that the *Shatney* procedures were satisfied. In *Thornton*, this Court stated that upon the hearing justice's review of the memoranda of the applicant and his appointed counsel and having heard oral argument on the memoranda, it would be "an exercise in futility and an inefficient use of judicial resources" to allow the applicant to proceed *pro se* on his application. *Id.*

Similarly, in the case at bar, the hearing justice essentially satisfied the *Shatney* procedures. Before the hearing, applicant had submitted a *pro se* memorandum setting forth his arguments in support of his application. Furthermore, at the hearing on April 19, 2004, although he did not expressly advise applicant that he could proceed *pro se,* the hearing justice addressed applicant regarding the dismissal of his claims. Most importantly, the hearing justice asked applicant whether he had any questions about what the state and his appointed attorney had said during the hearing, and applicant had a chance at this point in the proceedings to be heard on the claims that thereafter were dismissed. It is also clear to us that applicant understood he would be given the chance to pursue his newly discovered evidence claim at a later hearing. Thus, we are satisfied that applicant had the opportunity to be heard on his postconviction-relief application and that the *Shatney* procedures essentially were followed.[4]

4. We also note the following comment by the prosecutor at the hearing on April 19, 2004: "The defendant, based on the last hearing and the Court having so found, is allowed to artic-ulate whether or not he has any issues for which postconviction relief would be granted and then the Court can allow him to proceed

Mr. Otero's third argument is similarly unavailing. We are not aware of, and applicant does not cite authority suggesting, an affirmative obligation on the part of a hearing justice to intervene in a postconviction-relief proceeding to advise an applicant of his or her right to proceed *pro se* when his or her attorney appears to be unprepared. We decline to adopt such an affirmative obligation under the facts of the instant case.

## B

### Substantive Claims

■ Mr. Otero also challenges the denial of his postconviction-relief application on substantive grounds.[5] He contends that he received ineffective assistance from his trial counsel because his counsel (1) failed to refute the testimony of Det. Robert Badessa or object to his testifying on the grounds that he had not been qualified as an expert in ballistics; and (2) failed to offer a medical expert to testify about applicant's diminished capacity on the night of the murder.

■ We agree with the hearing justice that applicant's ineffective assistance of counsel claim, as set forth in his June 19, 2002 application, was groundless in that he failed to set forth specific claims of deficient representation or evidence suggesting he was prejudiced by such a deficiency, as required by *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), which standard was adopted by this Court in *Brown v. Moran,* 534 A.2d 180, 182 (R.I.1987). Further-

more, Mr. Otero's allegations of ineffective assistance of counsel, as set forth in his subsequent postconviction-relief applications, are also unavailing because applicant failed to make any showing that he was prejudiced by the purported deficiency. In order to demonstrate prejudice an applicant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Brown v. State,* 964 A.2d 516, 529 (R.I.2009) (quoting *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052). In the case at bar, there was overwhelming evidence of applicant's guilt. As we noted in *Otero,* 788 A.2d at 473–74, there was "ample circumstantial evidence" provided by three eyewitnesses at trial to support "the state's account of the shooting." Therefore, we affirm the hearing justice's denial of applicant's claims of ineffective assistance of counsel.

■ The applicant also argues that the trial justice improperly instructed the jury on the elements of second-degree murder. This argument, however, is barred by the doctrine of *res judicata,* and, thus, is not properly before this Court. *See Taylor,* 821 A.2d at 688 ("*Res judicata* bars the relitigation of any issue that could have been litigated in a prior proceeding, including a direct appeal, that resulted in a final judgment between the same parties, or those in privity with them."). The applicant could have raised the issue of the alleged improper jury instructions on di-

---

pro se." Again, no transcript of any prior hearing was provided to this Court.

**5.** The state asserts in its prebriefing statement that applicant abandoned his claims involving jury instructions and newly discovered evidence because he did not raise them in his prebriefing statement. Mr. Otero thereafter submitted a supplemental prebriefing statement addressing his improper jury instructions claim, and therefore, the claim was not waived. Mr. Otero's newly discovered evidence claim, however, has been waived because it was not addressed on appeal.

rect appeal. Therefore, he was barred from raising the claim in his application for postconviction relief. We accordingly affirm the denial of the applicant's improper jury instructions claim.

## IV

### Conclusion

For the reasons set forth in this opinion, we affirm the judgment of the Superior Court. The record may be remanded to the Superior Court.

Justice ROBINSON did not participate.

Justice INDEGLIA took no part in the consideration or decision of this appeal.