STATE

v.

**Shianna KELLY.**

No. 2009–247–C.A.

Supreme Court of Rhode Island.

June 10, 2011.

Christopher R. Bush, Department of Attorney General, for State.

Marie T. Roebuck, Office of the Public Defender, for Defendant.

Present: SUTTELL, C.J., GOLDBERG, FLAHERTY, ROBINSON, and INDEGLIA, JJ.

## OPINION

Chief Justice SUTTELL, for the Court.

The defendant, Shianna Kelly, was found guilty by a jury of entering a dwelling with the intent to commit larceny. She now appeals on the sole ground that the trial justice erred in denying her motion for a new trial. This case came before the Supreme Court for oral argument pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After reviewing the record and considering the parties' written and oral submissions, we are satisfied that this appeal may be decided without further briefing or argument. For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

## I

### Facts and Procedural History

In August 2007, Ms. Kelly was criminally charged with: (1) entering the dwelling of Raymond Thimes[1] on June 24, 2007,[2] with the intent to commit larceny, in violation of G.L.1956 § 11–8–3, and (2) committing larceny over $500, in violation of G.L. 1956 §§ 11–41–1 and 11–41–5. Ms. Kelly was tried in Superior Court before a jury in October 2008.

It was established at trial that in June 2007 Mr. Thimes was living in the first-

floor apartment of a four-family home in Providence. John Waite, who was the owner of the home, lived on the second floor. Mr. Waite and Mr. Thimes had known each other prior to this living arrangement, having attended high school together.

Around 11 a.m. on June 24, 2007, Mr. Thimes went to his son's third-birthday party at his father's house in Charlestown. Mr. Thimes testified that the party started around noon and that approximately thirty guests attended. Among the guests were Russell Gobern (Mr. Thimes's brother), Ms. Kelly, Mr. Gobern and Ms. Kelly's infant son, Ms. Kelly's unidentified female friend, and Mr. Waite.

Mr. Thimes testified that, toward the end of the party, at approximately 4 p.m., Ms. Kelly and Mr. Gobern began cursing and arguing in "really loud" voices and that, as a result, Ms. Kelly was asked to leave. Mr. Thimes testified that Ms. Kelly was "[a]ngry" and that she left the party in a green Saturn wagon with her son and female friend. Mr. Gobern remained at the party.

Mr. Waite testified that he returned home from the party around 8 p.m. Mr. Waite noticed that the door to Mr. Thimes's first-floor apartment was open; Mr. Waite poked his head in and yelled to see whether anyone was home, but there was no response. Mr. Waite proceeded to call Mr. Thimes, who was then on his way home from the party, and he informed Mr. Thimes that his apartment door was open; Mr. Thimes told Mr. Waite to look inside the apartment. Mr. Waite testified that, upon entering the apartment, he observed

---

1. Although the name appears as "Thimas" in the record and in parts of the transcript, we use "Thimes," which was the spelling provided by the individual at the beginning of his testimony.

2. The trial justice granted the state's motion to modify the date of the alleged incident from June 25, 2007 to June 24, 2007.

that "[e]verything was trashed in the place, fish on the floor from the freezer, cereal boxes emptied out, everything rummaged, clothes covering the floor. The place was totally upside down."

Mr. Waite then went upstairs to his apartment and viewed digital recordings from three surveillance cameras that he had installed on his property six months before this incident. Upon reviewing the recordings, Mr. Waite testified that he "noticed a woman coming there and carrying an air conditioner and looking into the windows." Mr. Waite testified that, after isolating the relevant portion of the surveillance footage, he "recorded it onto a VHS."

Mr. Thimes testified that, when he arrived home, he went into his apartment and similarly observed that "stuff [was] everywhere." He testified that there were fish from the freezer along with other boxes and cans of food on the kitchen floor; his cabinets had been "gone through"; the bathroom towel rack was broken; clothes and papers were strewn across the bedroom floors; beds were overturned; and there was a crack in the living room wall.[3] Mr. Thimes also noticed that a bedroom window, which had a window-unit air conditioner in it, was open, and that both the glass window pane and the screen were broken. Mr. Thimes testified that his window-unit air conditioner, jewelry box, jade Buddha, new sneakers, Xbox video game console, laptop computer, computer modem, cordless phone, camcorder, and handgun, and approximately $1,100 in cash, all were missing.

Mr. Thimes then went upstairs and reviewed the surveillance videotape with Mr. Waite. Mr. Thimes testified that the videotape revealed two women carrying items out of his apartment and that he recognized the two women as being Ms. Kelly and the female friend who had accompanied her to the birthday party. Mr. Thimes testified that he then called Mr. Gobern to inform him that Ms. Kelly had broken into his apartment and to tell him to convey the message to Ms. Kelly that he wanted his belongings back. When Mr. Thimes still had not received his belongings by approximately 1 a.m., he called the police.

Officer Scott Sambarano of the Providence Police Department testified that at approximately 1:16 a.m. he was dispatched to Mr. Thimes's apartment to respond to a call for breaking and entering. Upon arrival, Officer Sambarano spoke with Mr. Thimes and Mr. Waite, walked around Mr. Thimes's apartment, and proceeded to watch the surveillance videotape, which he later took with him.

The day after the incident, Mr. Waite copied the pertinent surveillance recordings onto a DVD. In addition, Mr. Waite testified, the individual who had installed the cameras came to Mr. Waite's apartment, while he was present, and made thirteen still photographs from the surveillance recordings. Mr. Waite gave the DVD and the photographs to Mr. Thimes, who then gave them to the police.

The defendant filed motions *in limine* seeking to: (1) prevent Mr. Waite from testifying for purposes of authenticating the DVD because the state allegedly failed to include him in its list of witnesses; (2) preclude the admission of the DVD and the photographs, based on objections to both clarity and authentication; and (3) prevent Mr. Thimes from positively identi-

---

**3.** Several photographs revealing the condition of the apartment were admitted as exhibits at trial.

fying Ms. Kelly at trial as the woman in the DVD and the photographs.

The defendant argued that Mr. Waite's testimony should be precluded because the state failed to list him as a witness until just prior to trial, in violation of Rule 16 of the Superior Court Rules of Criminal Procedure.[4] The state indicated that it had failed to disclose Mr. Waite as a witness previously because it was under the misimpression that Mr. Thimes, as opposed to Mr. Waite, had owned the cameras and made the DVD. The trial justice found the nondisclosure to be inadvertent and allowed Mr. Waite to testify for purposes of authenticating the DVD; the trial justice, however, also granted defendant's request for a one-day continuance to prepare for cross-examination of Mr. Waite.[5] At trial, the state elicited some testimony from Mr. Waite concerning his observations at the birthday party, without objection by defendant. When defendant did object to a question on hearsay grounds, however, the trial justice ruled that Mr. Waite's testimony would be limited to authentication, which was the trial justice's understanding of why Mr. Waite had been called to testify.

Additionally, before trial, the trial justice viewed the DVD in chambers with counsel and overruled defendant's objection based on the clarity of the DVD, explaining that she "certainly was able to follow [the DVD] particularly with the [still photographs] to supplement it." Following Mr. Waite's testimony authenticating the DVD, the trial justice allowed its admission at trial.[6] The DVD was played for the jury and the still photographs also were shown to the jury. Mr. Thimes testified that the woman in the video and the photographs was Ms. Kelly, that the second woman was Ms. Kelly's female friend who had attended the birthday party, and that the car in the video was the same green Saturn wagon in which the two women had left the party.

On October 15, 2008, the jury found Ms. Kelly guilty of entering a dwelling with the intent to commit larceny, but not guilty of committing larceny over $500.

The defendant proceeded to file a motion for a new trial under Rule 33 of the Superior Court Rules of Criminal Procedure. A hearing on the motion was held on October 30, 2008, at which defendant argued that the motion should be granted because: (1) the state had only one person

4. Under Rule 16(a)(7) of the Superior Court Rules of Criminal Procedure, the state is required, upon written request, to furnish a defendant with "a written list of the names and addresses of all persons whom the attorney for the [s]tate expects to call as witnesses at the trial in support of the [s]tate's direct case."

5. We note that this Court was not provided with transcripts from a hearing on this issue; rather, we glean these facts simply from remarks made, during trial, by the trial justice.

6. Before the jury viewed the DVD, the trial justice issued a jury instruction, explaining:
"As I understand it, this DVD will be a video that this witness has indicated came from * * * cameras appended to his prop-

erty. One or more people may be depicted in that video. Ladies and Gentlemen, it is for you to determine as finders of the fact, ultimately, the identity of one or more of those individuals if that identity became pertinent to this case. In other words, that's your call here and not [the witness's]. * * *
" * * *
"And in determining the identity of the defendant as the perpetrator of the crime, in other words, whether the [s]tate has proven identity beyond a reasonable doubt, as in determining every other issue of the case, you consider all of the facts and circumstances proven at trial, reasonable inferences you draw from that evidence, but ultimately you determine whether the [s]tate has proven identity to you."

from the birthday party testify about when and how defendant left the party; (2) Mr. Thimes was "not a disinterested witness" and he "jumped to the conclusion that it was Ms. Kelly"; (3) Mr. Thimes's testimony failed to establish beyond a reasonable doubt that the person in the DVD was Ms. Kelly; (4) Mr. Waite was not forthright and did not adequately authenticate the surveillance DVD; and (5) the police did not do sufficient work in developing useful evidence, such as obtaining fingerprints.

The trial justice denied the motion for a new trial, and on December 11, 2008, she sentenced defendant to seven years, with two years to serve and five years suspended, with probation. The defendant filed a notice of appeal.[7]

## II

### Standard of Review

■ "When deciding a motion for a new trial, 'the trial justice acts as a thirteenth juror and exercises independent judgment on the credibility of witnesses and on the weight of the evidence.'" *State v. Prout*, 996 A.2d 641, 645 (R.I.2010) (quoting *State v. Bergevine*, 942 A.2d 974, 981 (R.I.2008)). "If, after conducting this independent review, the trial justice agrees with the jury's verdict or if the evidence is such that reasonable minds could differ as to the outcome, the motion for a new trial should be denied." *Bergevine*, 942 A.2d at 981 (quoting *State v. Gomez*, 848 A.2d 221, 234 (R.I.2004)). "If, however, 'the trial justice finds that the state has failed to sustain its burden of proof, a new trial must be ordered.'" *Id.* (quoting *Gomez*, 848 A.2d at 234). "This Court's review of a trial justice's decision on a motion for a new trial is deferential."

*Prout*, 996 A.2d at 645. If the trial justice has articulated adequate grounds for denying the motion, his or her decision is entitled to great weight and will not be overturned by this Court unless he or she has overlooked or misconceived material evidence or was otherwise clearly wrong. *Id.* at 646; *Gomez*, 848 A.2d at 234.

## III

### Discussion

■ On appeal, defendant argues that the trial justice erred in denying her motion for a new trial "because the evidence was neither credible nor reliable[,] and the jury's verdict was against the evidence and failed to do substantial justice." More specifically, defendant contends that "the trial justice['s] findings do not sufficiently articulate an exercise of independent judgment on the credibility of witnesses, nor do her findings support an adequate rationale for denying the motion," and that furthermore, "[t]he complete lack of corroborating evidence, including the [videotape] that was not authenticated properly[,] * * * amounted to the introduction of legally insufficient evidence, all of which the trial justice clearly overlooked."

Upon review of the record, we are satisfied that the trial justice performed the correct analysis in deciding defendant's motion for a new trial. She recited the proper standard, acknowledging that she was to conduct an independent assessment of the weight of the evidence and the credibility of the witnesses. She then explained that, although the state could well have called other witnesses, one witness worthy of belief was sufficient: she stated that she found Mr. Thimes to be a credible witness and discussed her rationale for

7. Although defendant filed her notice of appeal before judgment was entered in this case, this Court will treat the premature appeal as timely filed. *See Otero v. State*, 996 A.2d 667, 670 & n. 3 (R.I.2010); *State v. Sylvia*, 871 A.2d 954, 957 & n. 2 (R.I.2005).

this finding, noting Mr. Thimes's "appearance on the stand" and his "manner of testimony." She also stated that Mr. Waite's relationship with Mr. Thimes did not make Mr. Waite an incompetent witness nor a witness unworthy of belief. The fact that defendant disagrees with these credibility determinations is not a sufficient basis to warrant the granting of a motion for a new trial. *See State v. Rivera,* 987 A.2d 887, 903 (R.I.2010). The trial justice found that Mr. Waite's testimony was sufficient to authenticate the surveillance DVD, and she acknowledged that the jury had been appropriately instructed concerning the DVD. Finally, the trial justice explained that the state was not obligated to provide the jury with scientific evidence such as fingerprints.

The trial justice proceeded to thoroughly summarize all of the essential evidence presented at trial and articulate an explicit and adequate rationale for denying defendant's motion for a new trial. She found that the evidence in this case was "overwhelming." She emphasized that "[d]efendant was caught on tape," and she asserted that no mistake should be made, "[t]he woman on the tape was the defendant." The trial justice concluded that, had she been deciding this case without a jury, she would have found defendant guilty "in a heartbeat," explaining that the evidence revealed that defendant was guilty "beyond all doubt." Upon review, we are satisfied that the trial justice was not clearly wrong in denying the motion and that she did not overlook or misconceive any material evidence.

■ The defendant further contends on appeal that "the state's pattern of Rule 16 discovery violations * * * compounded with the trial justice's errors in denying the defendant's motions *in limine,* also warrant a new trial." Although defendant's argument is not entirely clear from her brief, we deduce that she believes

these matters constitute additional reasons that the denial of her motion for a new trial was improper.

The defendant specifically takes issue with the trial justice's allowance of testimony by Mr. Waite after a Rule 16 discovery violation. The trial justice allowed Mr. Waite to testify for purposes of authenticating the DVD and the photographs after finding that the state's nondisclosure was inadvertent; however, she also allowed defendant to have a brief continuance, as requested. At trial, when defendant objected to testimony by Mr. Waite concerning certain of his observations at the birthday party, the trial justice limited Mr. Waite's testimony to authentication matters, referencing the late disclosure. At no point during trial did defendant move to pass the case based on this issue; nor has defendant properly articulated in what manner the trial justice allegedly abused her discretion. We therefore are of the opinion that the trial justice did not err in refusing to grant a new trial on this basis.

■ The defendant also takes issue with the admission of the surveillance DVD and the photographs, as well as Mr. Thimes's testimony identifying the defendant's image therein. The trial justice watched the DVD in chambers with counsel, before trial, and she found that it was sufficiently clear. Accordingly, she allowed the admission of both the DVD and the photographs, after Mr. Waite's authentication testimony. When the DVD and the photographs were admitted at trial, the defendant posed no objection. Nor did the defendant object when Mr. Thimes proceeded to positively identify her, her friend, and her car, as being depicted in the DVD and the photographs. We are satisfied, therefore, that this issue has not been properly preserved for appellate review. *See State v. McManus,* 990 A.2d 1229, 1237 (R.I.2010) ("According to our well settled 'raise or waive' rule, if an issue was not preserved

by specific objection at trial, then it may not be considered on appeal."). We are fully satisfied that the trial justice did not err in declining to grant a new trial on this basis.

## IV

### Conclusion

For the reasons stated in this opinion, we affirm the judgment of the Superior Court. The record shall be remanded to the Superior Court.