**STATE**

v.

**Jerry Lee STEELE a/k/a Jerry King.**

**No. 2010–270–C.A.**

Supreme Court of Rhode Island.

March 30, 2012.

---

Virginia M. McGinn, Esq., Department of Attorney General, for State.

Raymond Rigat, Esq., for Defendant.

Present: SUTTELL, C.J., GOLDBERG, FLAHERTY, ROBINSON, and INDEGLIA, JJ.

## OPINION

Justice ROBINSON, for the Court.

The applicant, Jerry Lee Steele a/k/a Jerry King, appeals from the denial of his application for postconviction relief. The only contention that the applicant articulates on appeal is that his court-appointed attorney provided ineffective assistance of counsel while representing him at his post-conviction-relief hearing. Specifically, he contends: (1) that his counsel was operating under an actual conflict of interest during the postconviction-relief hearing; and (2) that his counsel failed to develop a proper record at the postconviction-relief hearing.

This case came before the Supreme Court for oral argument pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After reviewing the record and considering the written and oral submissions of the parties, we are satisfied that cause has not been shown and that this appeal may be resolved without further briefing or argument.

For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

## I
### Facts and Travel

In November of 2009, applicant was charged by criminal information with (1) felony assault with a dangerous weapon and (2) disorderly conduct; those charges stemmed from an incident that allegedly occurred on August 30, 2009, wherein applicant purportedly struck a person with a baseball bat.

On December 15, 2009, as a further consequence of the alleged August 30 incident, applicant was presented to the Superior Court as an alleged violator of the probationary terms that were part of the sentences that had been imposed on him in connection with earlier criminal convictions. During the same proceedings on December 15, applicant was also arraigned on both the felony assault with a dangerous weapon charge and the disorderly con-

duct charge; the trial justice entered not guilty pleas on applicant's behalf with respect to those two charges. In addition, during the same hearing, the attorney general filed a notice indicating that, due to applicant's status as a habitual offender,[1] the state would seek the imposition of an additional sentence pursuant to G.L.1956 § 12–19–21.[2] The trial justice granted applicant's request that he be allowed time for the purpose of engaging private counsel.

On January 8, 2010, the trial justice learned that applicant had not yet engaged an attorney. As a result, he appointed an attorney to serve as defense counsel. The applicant's counsel entered her appearance on January 11, 2010, at which time a pretrial conference was held; applicant's case was then continued until January 29, 2010.[3]

On January 28, 2010, applicant appeared before the Superior Court for a hearing on the alleged probation violations and for a pretrial conference with respect to the two felony charges relating to the conduct that allegedly took place on August 30, 2009. The trial justice began the hearing by conveying a plea bargain offer to applicant, the terms of which were: (1) twenty years imprisonment with four years to serve and credit for the time already served on the August 2009 assault with a dangerous weapon charge;[4] and (2) concurrent terms of four years to serve with respect to the two alleged probation violations. After conferring with his attorney, applicant decided to accept the plea bargain and entered a plea of *nolo contendere* with respect to the assault with a dangerous weapon charge.[5] The trial justice then conducted a thorough plea colloquy, and he explicitly found that "Mr. Steele [had made] a knowing, voluntary, and intelligent decision to plead nolo contendere with the benefit of highly competent and experienced counsel."

The trial justice then proceeded to sentence applicant with respect to the assault with a dangerous weapon charge, and the proceedings concluded shortly thereafter. On February 4, 2010, the judgment of conviction and commitment was entered on the assault with a dangerous weapon charge.

1. The applicant's habitual offender notice listed five prior felony convictions, each of which had resulted in his serving a term in prison. The state later withdrew the habitual offender notice after applicant entered a plea of *nolo contendere*.

2. General Laws 1956 § 12–19–21(a) reads in pertinent part as follows:

"If any person who has been previously convicted in this or any other state of two (2) or more felony offenses arising from separate and distinct incidents and sentenced on two (2) or more occasions to serve a term in prison is, after the convictions and sentences, convicted in this state of any offense punished by imprisonment for more than one year, that person shall be deemed a 'habitual criminal.' Upon conviction, the person deemed a habitual criminal shall be punished by imprisonment in the adult correctional institutions for a term not exceeding twenty-five (25) years, in addition to any sentence imposed for the offense of which he or she was last convicted."

3. Although the record indicates that the hearing was originally continued to January 29, 2010, the hearing was actually held on January 28, 2010.

4. As was later discussed on the record and as is noted on the filed dismissal notice, the attorney general agreed to dismiss the disorderly conduct charge pursuant to Rule 48(a) of the Superior Court Rules of Criminal Procedure; but that agreement was expressly conditioned "upon the defendant's plea to [the assault with a dangerous weapon charge]."

5. It should be noted that the only record before us is that relating to the assault with a dangerous weapon charge.

Less than a week after he had accepted the above-summarized plea bargain, applicant filed a *pro se* document entitled "Motion for Post Conviction Relief;" he also requested appointment of counsel to assist him at his postconviction-relief hearing. The applicant listed three grounds in his application for postconviction relief: (1) that he "was under psychiatric evaluation care at the DOC"[6] on the day when what he characterizes as his "guilty plea" was entered; (2) that he was "under and in an extreme stage of emotional distress" from January 26 to January 29, 2010; and (3) that he was "forced against his will to enter a guilty plea * * * under a form of pure [*sic*] pressure."[7]

A hearing on the application for postconviction relief was held on March 4, 2010 before the same justice of the Superior Court as had presided over the proceedings on January 28. The hearing justice began the hearing by indicating that he had reappointed the same attorney as had represented applicant at the January 28 hearing to serve as his attorney with respect to the instant application. The hearing justice then stated that he had "interpreted Mr. Steele's pro se filings as essentially [constituting] a request to vacate his pleas and likewise [the] resulting findings that he is a probation violator."

After hearing testimony from applicant on direct examination and cross-examination as well as closing arguments from counsel for the parties, the hearing justice notified the parties that he would be issuing a written decision.

One week later, on March 11, 2010, the hearing justice issued his written decision, which was entitled "Order (Denying Petition for Post–Conviction Relief/Motion to Vacate Plea)." The hearing justice began his thirteen-page decision by recognizing *sua sponte* that the applicable case law and procedural rules required him to treat applicant's motion as an application for postconviction relief—rather than as a motion to vacate (the latter category having been his initial reaction).[8] After summarizing the facts and the procedural history of the case, the hearing justice proceeded to discuss the issues which he understood to have been raised in the postconviction-relief application. In addition to the three issues listed in the original application, the hearing justice indicated that a fourth issue had been raised by applicant during the March 4 hearing—*viz.*, his contention that he was not guilty of the offense of assault with a dangerous weapon.

After explaining his reasoning with respect to the issues raised by applicant, the hearing justice found that "there [was] simply no basis to grant [applicant's] petition for post-conviction relief." Accordingly, the hearing justice denied the application for postconviction relief. The applicant thereafter filed a timely notice of appeal.[9]

---

6. It appears to have been understood by all concerned that "DOC" is the abbreviation for the Rhode Island Department of Corrections.

7. It is clear from the context that the word "pure" in the sentence quoted in the text should be understood as meaning "peer."

8. *See* Rule 32(d) of the Superior Court Rules of Criminal Procedure ("A motion to withdraw a plea of guilty or of nolo contendere may be made only *before* sentence is imposed

* * *." (emphasis added)); *see also State v. Desir*, 766 A.2d 374, 375 (R.I.2001) (stating that "[o]nce a defendant has entered a plea of guilty or of *nolo contendere* and sentence has been imposed, any issue relating to the validity of the plea must be raised by way of postconviction relief").

9. Although applicant's notice of appeal was filed prematurely, this Court is not thereby deprived of appellate jurisdiction. *See, e.g., Toegemann v. City of Providence*, 21 A.3d 384,

On appeal, applicant contends that his court-appointed attorney provided ineffective assistance of counsel during the postconviction-relief hearing. The applicant asserts that, although one does not have a constitutional right to counsel in such a proceeding, an indigent applicant in this state has a right to counsel pursuant to the postconviction-relief statute;[10] he adds that that statutorily derived right to counsel necessarily includes the right to effective counsel. The applicant further asserts that his postconviction-relief counsel labored under an actual conflict of interest and was, therefore, *per se* ineffective. In addition, applicant alleges that his attorney failed to develop a proper record at his postconviction-relief hearing.

## II

### Standard of Review

■ In Rhode Island, postconviction relief is a statutorily created remedy "available to any person who has been convicted of a crime and who thereafter alleges either that the conviction violated the applicant's constitutional rights or that the existence of newly discovered material facts requires vacation of the conviction in the interest of justice." *DeCiantis v. State*, 24 A.3d 557, 569 (R.I.2011) (internal quotation marks omitted); *see also* G.L.1956 § 10-9.1-1 (establishing a statutory right to seek postconviction relief). An applicant for postconviction relief must prove, by a preponderance of the evidence, that such relief is warranted in his or her case. *DeCiantis*, 24 A.3d at 569; *see also Brown v. State*, 32 A.3d 901, 907 (R.I.2011); *Moniz v. State*, 933 A.2d 691, 694 (R.I.2007).

■ In reviewing a hearing justice's rulings in the postconviction-relief context, this Court will not disturb factual findings "absent clear error or a showing that the [hearing] justice overlooked or misconceived material evidence * * *." *Chapdelaine v. State*, 32 A.3d 937, 941 (R.I.2011) (internal quotation marks omitted); *see also Price v. Wall*, 31 A.3d 995, 999 (R.I.2011); *State v. Thomas*, 794 A.2d 990, 993 (R.I.2002). However, when an appeal of a postconviction-relief ruling presents "questions of fact concerning whether a defendant's constitutional rights have been infringed or mixed questions of law and fact with constitutional implications," we carry out a *de novo* review. *DeCiantis*, 24 A.3d at 569 (internal quotation marks omitted); *see also Torres v. State*, 19 A.3d 71, 77 (R.I.2011); *Otero v. State*, 996 A.2d 667, 670 (R.I.2010). We have further commented, however, that "findings of historical fact, and inferences drawn from those facts, will still be accorded great deference by this Court, even when a *de novo* standard is applied to the issues of constitutional dimension." *Brown v. State*, 964 A.2d 516, 526 (R.I.2009) (internal quotation marks omitted); *see also State v. Laurence*, 18 A.3d 512, 521 (R.I.2011); *Thornton v. State*, 948 A.2d 312, 316 (R.I.2008).

## III

### Analysis

■ We begin and end by noting that applicant's two-pronged argument on appeal (*viz.*, that his court-appointed postconviction-relief attorney provided ineffective assistance of counsel because (1) she alleg-

---

386 n. 3 (R.I.2011); *State v. Prout*, 996 A.2d 641, 645 n. 4 (R.I.2010); *State v. Diefenderfer*, 970 A.2d 12, 23 n. 24 (R.I.2009).

**10.** *See* G.L.1956 § 10-9.1-5 ("An applicant who is indigent shall be entitled to be repre-

sented by the public defender. If the public defender is excused from representing the applicant because of a conflict of interest or is otherwise unable to provide representation, the court shall assign counsel to represent the applicant.").

edly was operating under an actual conflict of interest and (2) she allegedly failed to develop a proper record) was not raised by him during the course of the postconviction-relief hearing.

We recognize that it may seem infeasible to raise such an argument at the postconviction-relief hearing, since the argument focuses on the conduct of the attorney during the postconviction-relief hearing itself. However, "[i]t is an established rule in Rhode Island that this Court will not review issues that are raised for the first time on appeal." *State v. Goulet,* 21 A.3d 302, 308 (R.I. 2011) (internal quotation marks omitted); *see also State v. Briggs,* 934 A.2d 811, 815 (R.I.2007); *State v. Grant,* 840 A.2d 541, 546 (R.I.2004). The applicant's present argument on appeal was at no time and in no manner presented to the Superior Court; consequently, no justice of the Superior Court has at any time had the opportunity to consider and pass upon that argument. Therefore, the applicant's contention concerning alleged ineffective assistance of counsel at the postconviction-relief hearing is not properly before us, and we decline to pass upon it. *See, e.g., State v. Figuereo,* 31 A.3d 1283, 1289 (R.I.2011); *State v. Bido,* 941 A.2d 822, 828–29 (R.I.2008).

# IV

## Conclusion

For the reasons set forth in this opinion, we affirm the judgment of the Superior Court. The record in this case may be returned to that tribunal.