John MIGUEL

v.

STATE of Rhode Island.

No. 2000–163–C.A.

Supreme Court of Rhode Island.

June 8, 2001.

Avran Cohen and John Miguel, for Plaintiff.

Aaron Weisman, Providence, for Defendant.

Present WILLIAMS, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

**PER CURIAM.**

This case came before the Court for oral argument on May 9, 2001, pursuant to an order that directed both parties to appear in order to show cause why the issues raised by this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time. The facts insofar as pertinent to this appeal are as follows.

On September 15, 1990, Catherine Miguel was stabbed to death. On January 16, 1992, her husband, John Miguel (Miguel or applicant), pled guilty to murder in the second degree. Attorney Michael DiLauro (DiLauro), an assistant public defender, represented applicant at that time. The trial was in progress when Miguel chose to enter his plea. Before Miguel made that decision, DiLauro had planned to present evidence and argument to support a diminished capacity defense as a result of intoxication. In fact, DiLauro had applicant examined by a psychiatrist, had several discussions with applicant, and had corresponded with applicant by mail several times on the topic, in anticipation of presenting such a defense. A diminished capacity defense, if believed by a jury, negates the specific intent necessary to convict a defendant of first-degree murder. *See* G.L.1956 § 11–23–1 (setting forth the specific intent required for first-degree murder; that is, "willful, deliberate, malicious, and premeditated" killings, as well as those killings falling within the parameters of the felony-murder rule); *see also State v. Amazeen,* 526 A.2d 1268, 1272 (R.I.1987) (holding that "a successful diminished-capacity defense enables a jury to find [a] defendant guilty of the lesser

included, diminished-capacity form of voluntary manslaughter"). After notifying the court of his intent to plead guilty, applicant testified that, at the time of the murder, he had not intended to kill his wife; rather he was intoxicated when he stabbed her. However, to avoid causing any further pain to his family, he had decided to plead guilty. The trial justice accepted Miguel's plea, commended Di-Lauro for his work on a difficult case, and sentenced applicant to life imprisonment at the Adult Correctional Institutions. The applicant did not file a direct appeal.

On November 19, 1999, Miguel filed an application for post-conviction relief, pursuant to G.L.1956 § 10–9.1–1(a)(1). The application was heard on March 3, 2000. At that hearing, Miguel alleged that he had been denied his Sixth Amendment right to effective assistance of counsel because DiLauro failed to inform him of the defense of diminished capacity. Following the hearing, the hearing justice dismissed the application.[1] The defendant came before this Court to contest the dismissal of his application, pursuant to § 10–9.1–9, which provides that "[a] final judgment entered in a proceeding brought under this chapter shall be appealable to the Supreme Court."

■ The findings made by a hearing justice, pursuant to a hearing for post-conviction relief, " 'are entitled to stand undisturbed on appeal in the absence of clear error or a showing that material evidence was overlooked or misconceived.' " *Simpson v. State,* 769 A.2d 1257, 1265 (R.I.2001) (quoting *Heath v. Vose,* 747 A.2d 475, 477 (R.I.2000)). "However, 'the ultimate determination concerning whether [a defendant's] constitutional rights have been infringed must be reviewed *de novo.*' " *Simpson,* 769 A.2d at 1265 (quoting *Powers v. State,* 734 A.2d 508, 514 (R.I.1999) (citing *Ornelas v. United States,* 517 U.S. 690, 696–97, 116 S.Ct. 1657, 1661–62, 134 L.Ed.2d 911, 919 (1996); *Broccoli v. Moran,* 698 A.2d 720, 725 (R.I. 1997); *Mastracchio v. Moran,* 698 A.2d 706, 710 (R.I.1997))).

■ The applicant's sole complaint in his application for post-conviction relief was that DiLauro had rendered ineffective assistance of counsel. On appeal to this Court, he also argued that the trial justice erred by failing to investigate whether evidence existed to support a diminished capacity defense, before accepting Miguel's plea. "It is axiomatic that 'this [C]ourt will not consider an issue raised for the first time on appeal that was not properly presented before the trial court.' " *State v. Breen,* 767 A.2d 50, 57 (R.I.2001) (quoting *State v. Saluter,* 715 A.2d 1250, 1258 (R.I.1998)). This rule applies to issues not raised in applications for post-conviction relief. *See State v. Feng,* 421 A.2d 1258, 1272 (R.I.1980) (citing *DaRosa v. Carol Cable Co.,* 121 R.I. 194, 397 A.2d 506 (1979)). Accordingly, we will refrain from engaging in a discussion of the panoply of exercises that a trial justice must undertake before accepting a guilty plea. We do note, however, that it is apparent to us from the record from the proceedings below that the trial justice fully advised Miguel of his constitutional rights and of the direct consequences of his plea. *See State v. Williams,* 122 R.I. 32, 40, 404 A.2d 814, 819 (1979) ("at the conclusion of [a] plea hearing, [a] trial justice should be able to

---

1. The hearing justice relied on G.L.1956 § 10–9.1–6(b) as the basis for denying the application. However, this Court has previously held that when a hearing justice relies upon matters outside of the pleadings in reaching his decision, as the hearing justice did here, an application should be disposed of in accordance with § 10–9.1–6(c). *See Palmigiano v. State,* 120 R.I. 402, 406, 387 A.2d 1382, 1384–85 (1978).

say with assurance that the accused is fully aware of the nature of the charge and the consequences of the plea"). Thus, we now turn to the Sixth Amendment issue.

 The sole focus of an application for post-conviction relief filed by an applicant who has pled guilty is "the nature of counsel's advice concerning the plea and the voluntariness of the plea. If the plea is validly entered, we do not consider any alleged prior constitutional infirmity." *State v. Dufresne*, 436 A.2d 720, 722 (R.I. 1981) (citing *Tollett v. Henderson*, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973)). In support of our holding in *Dufresne*, we agreed with the United States Supreme Court that:

> "[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann [v. Richardson*, 397 U.S. 759, 770, 90 S.Ct. 1441, 1448, 25 L.Ed.2d 763, 773 (1970) ]." *Dufresne*, 436 A.2d at 722 (quoting *Tollett*, 411 U.S. at 267, 93 S.Ct. at 1608, 36 L.Ed.2d at 243).

 Therefore, to prevail on this appeal, an applicant must have demonstrated "at his post[-]conviction hearing that [his attorney's] advice was not within the range of competence demanded of attorneys in criminal cases." *Dufresne*, 436 A.2d at 723 (citing *McMann*, 397 U.S. at 771, 90 S.Ct. at 1448-49, 25 L.Ed.2d at 773).

 In the instant case, DiLauro acted well within the level of competence demanded of attorneys in criminal cases. The hearing justice found that DiLauro had raised the potential defense of diminished capacity during his six meetings with Miguel. DiLauro also had hired an expert, who met with Miguel, examined him, and was prepared to testify in support of the diminished capacity defense. Additionally, the defense had been the subject of approximately three days of pretrial motions. Lastly, three letters, that had been sent to Miguel, were admitted at the hearing, as evidence of DiLauro's intent to present the defense. Thus, we can discern no clear error on the part of the hearing justice. Moreover, we can afford applicant no relief because he has not argued that his plea lacked the requisite knowledge or voluntariness necessary for him to prevail on appeal.

The applicant's appeal is denied and dismissed. The judgment denying Miguel's application for post-conviction relief is affirmed. The papers of this case are remanded to the Superior Court.