John S. **MIGUEL**

v.

**STATE of Rhode Island.**

**No. 2005–155–Appeal.**

Supreme Court of Rhode Island.

May 17, 2007.

Susan B. Iannitelli.

Virginia M. McGinn, Providence.

**O R D E R**

This case came before the Supreme Court on March 6, 2007, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After hearing arguments of counsel and examining the memoranda submitted by the parties,[1] we are of the opinion that cause has not been shown and we shall decide this appeal without further briefing and argument. We affirm the judgment of the Superior Court.

In 1992, the applicant, John S. Miguel (Miguel or applicant), entered a plea of guilty to second-degree murder for the stabbing death of his wife, and was sentenced to life imprisonment. In 1999, Miguel filed an application for postconviction relief, in which he alleged ineffective assistance of counsel, arguing that his lawyer failed to advise him that he could raise the

---

[*sic*] found as a matter of fact and law that plaintiff was not in contempt * * *."

**1.** We have considered *all* of the memoranda submitted by the parties, including applicant's late-filed hand-written statement.

defense of diminished capacity.[2] After the application was denied, he appealed to this Court, *Miguel v. State*, 774 A.2d 19, 21 (R.I.2001), where, in addition to his allegation of ineffective assistance of counsel, he argued that the trial justice failed to determine whether there was evidence to support a diminished capacity defense before he accepted the plea.

This Court denied the appeal and rejected Miguel's allegation of ineffective assistance of counsel. *Miguel*, 774 A.2d at 22. We upheld the trial justice's findings that Miguel's trial counsel was not only competent, but also raised the diminished capacity defense and hired an expert who was prepared to give an opinion about Miguel's purported diminished capacity; we noted that this issue was the subject of three days of pretrial hearings. *Id.* Although we declined to rule on the judicial error argument because it was not raised below, we noted "that the trial justice fully advised Miguel of his constitutional rights and of the direct consequences of his plea." *Id.* at 21. Finally, we concluded that Miguel could not prevail on appeal because he failed to argue that his guilty plea was not voluntary or knowing. *Id.* at 22.

Undaunted, Miguel filed a second, *pro se* application for postconviction relief in 2004 and argued that his conviction and imprisonment constituted cruel and unusual punishment, that there was a conflict of interest between applicant and both his postconviction attorney and appellate counsel, and that he was "[c]oerced into pleading guilty to second degree murder." The state moved to dismiss, arguing that successive applications for postconviction

relief are precluded by G.L.1956 § 10–9.1–8, unless they fall within the "interest of justice" exception. The hearing justice granted the state's motion to dismiss on the basis of *res judicata*. The applicant filed a timely notice of appeal, and appellate counsel was appointed on his behalf.

Before this Court, Miguel argues that as the voluntariness of his plea was not addressed in his first application, he should be allowed to make that argument now "in the interest of justice."[3] Additionally, Miguel argues that his second-degree murder plea was a "fundamental miscarriage of justice" because of his intoxication.

In the context of postconviction relief, the doctrine of *res judicata* is codified as § 10–9.1–8, which bars "relitigation of the same issues between the same parties" after a final judgment has entered. *Figueroa v. State*, 897 A.2d 55, 56 (R.I.2006) (mem.) (quoting *Carillo v. Moran*, 463 A.2d 178, 182 (R.I.1983)). This *res judicata* bar applies to issues actually raised and decided, as well as those issues which could have been raised. *Id.* at 57. The limited circumstance in which issues that previously were litigated or not raised may be the basis for a subsequent application rests on a finding that a deviation from the *res judicata* bar is "in the interest of justice." Section 10–9.1–8; *see also Figueroa*, 897 A.2d at 56 (citing § 10–9.1–8).

In this case, Miguel was afforded a full opportunity to raise these issues in his original application, in which his allegations of ineffective assistance of counsel were heard and denied. This Court rejected the appeal and noted that applicant failed to argue that his plea was involun-

---

2. The applicant alleges that he was too intoxicated at the time of the murder to form the requisite intent for first-degree murder.

3. The applicant filed a *pro se* supplemental statement, in which he alleged that his guilty plea was coerced, his postconviction attorney

had a conflict of interest because he knew the victim's mother and applicant's trial attorney, and his appellate counsel was ineffective because he did not raise these conflicts on appeal.

tary—we did not invite him to raise these issues in a subsequent application. After reviewing the record in this case, we are satisfied that applicant was provided with competent representation, and his present contentions could have been raised in his first postconviction hearing, but were not.[4]

This case clearly does not fall within the "interest of justice" exception to the doctrine of *res judicata. See Vorgvongsa v. State,* 785 A.2d 542, 547 (R.I.2001) (discerning no reason to invoke interest of justice exception). We are not confronted with a case of actual innocence or newly discovered evidence. The applicant admitted that he killed his wife; his only contention is that he was so intoxicated that he did not have the requisite intent to commit second-degree murder. In denying Miguel's first application, we noted that this was a case in which the applicant had entered a plea of guilty and thus the only question was whether the plea was valid. *Miguel,* 774 A.2d at 22. Although intoxication may have been a defense to first-degree murder, Miguel was convicted of second-degree murder, the requisite intent of which may be satisfied by proof of wanton recklessness, regardless of his intoxication. *See State v. Mattatall,* 603 A.2d

1098, 1106 (R.I.1992) (legal malice necessary to support a conviction for second-degree murder can arise from wanton recklessness or an extreme indifference to human life).

After three days of pretrial motions on his diminished-capacity defense, Miguel admitted that he killed his wife, and declared that he wanted to plead guilty in order "to avoid causing any further pain to his family[.]" *Miguel,* 774 A.2d at 21. Before pleading guilty, Miguel was advised of his rights and of the consequences of his plea. *Id.* Because the plea was validly entered, this case does not fall within the "interest of justice" exception to the bar against successive applications for postconviction relief.

For the reasons stated in this order, the applicant's appeal is denied and dismissed. The order of the Superior Court is affirmed, and the papers in this case are to be remanded to the Superior Court.

---

**4.** Even assuming, *arguendo,* that hearing these arguments would be in the "interest of justice", which we do not, *see infra,* there is no merit to applicant's contentions. He alleges multiple constitutional infirmities, but provides no support for them. Even if we did reach those claims, we are satisfied that he would not prevail on the merits.