**Supreme Court**

No. 2010-131-C.A.
(P1/90-4217A)

State                           :

    v.                          :

John S. Miguel.                 :


NOTICE:   This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

State                          :

v.                          :

John S. Miguel.                  :


Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Justice Robinson, for the Court.**  The defendant, John S. Miguel, appeals pro se from a

Superior Court order denying his motion to reduce what he contends was an illegal sentence

imposed upon him pursuant to Rule 35 of the Superior Court Rules of Criminal Procedure in

January of 1992.  In the underlying criminal case, the defendant pled guilty to second-degree

murder and received a life sentence.  On appeal, he argues:  (1) that his life sentence is illegal

because he should have been sentenced for voluntary manslaughter, which carries a maximum

sentence of thirty years; and (2) that the continued imposition of the life sentence is violative of

the Eighth Amendment to the United States Constitution and article 1, section 8 of the Rhode

Island Constitution.

This case came before the Supreme Court pursuant to an order directing the parties to

appear and show cause why the issues raised in this appeal should not be summarily decided.

After a careful review of the record and after consideration of the parties' written and oral

submissions, we are satisfied that cause has not been shown and that this appeal may be decided

at this time.  For the reasons set forth in this opinion, we affirm the Superior Court's denial of defendant's motion to reduce his sentence.

# I

## Facts and Travel

The factual background as to what is now defendant's third appeal to this Court has been fully narrated in our two previous opinions relative to this case—viz., Miguel v. State, 774 A.2d 19 (R.I. 2001) (Miguel I) and Miguel v. State, 924 A.2d 3 (R.I. 2007) (mem.) (Miguel II). Accordingly, we shall recount here only the facts necessary to our analysis of this most recent appeal.

In September of 1990, Catherine Miguel was stabbed to death; and defendant, her husband, eventually pled guilty to the crime of second-degree murder.  Miguel I, 774 A.2d at 20. At the plea hearing, the trial justice engaged in a colloquy with defendant to ensure that defendant knowingly, voluntarily, and intelligently waived his rights.  Id. at 21 ("[I]t is apparent to us from the record from the proceedings below that the trial justice fully advised Miguel of his constitutional rights and of the direct consequences of his plea.").  The trial justice then sentenced defendant to life imprisonment at the Adult Correctional Institutions.

Following his plea and sentencing, defendant filed two applications for postconviction relief, both culminating in appeals to this Court, neither of which was availing.  See Miguel II, 924 A.2d at 5; Miguel I, 774 A.2d at 22.  Presently before us is defendant's third attempt to challenge his plea and sentence; that challenge began on June 6, 2009, when he filed a "Motion to Reduce or Correct a Sentence" pursuant to Rule 35.  In that motion, defendant argued that his life sentence was illegal because his level of intoxication at the time of the stabbing called for a manslaughter conviction and commensurate thirty-year maximum sentence, rather than the

sentence of imprisonment for life that is authorized by statute with respect to murder in the second degree. See G. L. 1956 § 11-23-2 ("Every person guilty of murder in the second degree shall be imprisoned for not less than ten (10) years and may be imprisoned for life.").

After considering the arguments presented at the Rule 35 hearing, the trial justice held that defendant's sentence was lawful under Rhode Island law and had been lawfully imposed upon defendant following his guilty plea. The defendant timely appealed from the denial of his motion.

## II

### Standard of Review

This Court has long held that our review of a hearing justice's decision on a motion to reduce a sentence pursuant to Rule 35 is extremely limited. See State v. Keenan, 68 A.3d 588, 592 (R.I. 2013); State v. Ruffner, 5 A.3d 864, 867 (R.I. 2010). Due to the fact that rulings on Rule 35 motions are confided to the sound discretion of the hearing justice and because we have "a strong policy against interfering with a trial justice's discretion in sentencing matters," it is well established that "we only will interfere with that discretion in rare instances when the trial justice has imposed a sentence that is without justification and is grossly disparate from other sentences generally imposed for similar offenses." Ruffner, 5 A.3d at 867 (internal quotation marks omitted). With this standard of review in mind, we turn to the substance of defendant's appeal.

## III

### Analysis

On appeal, defendant contends that the hearing justice abused his discretion in denying the Rule 35 motion and that the continued imposition of defendant's purportedly illegal sentence

constitutes a violation of both the Eighth Amendment to the United States Constitution and article 1, section 8 of the Rhode Island Constitution.

## A

### Defendant's Rule 35 Motion

Rule 35 authorizes the court to correct an illegal sentence at any time. We have previously made favorable reference to the Reporter's Notes to Rule 35, which define an illegal sentence as "one which has been imposed after a valid conviction but is not authorized under law." See State v. Linde, 965 A.2d 415, 416 (R.I. 2009). As examples of such a sentence, the Notes to Rule 35 make reference to "a sentence in excess of that provided by statute, imposition of an unauthorized form of punishment, a judgment that does not conform to the oral sentence." See id.; see also State v. Murray, 44 A.3d 139, 141 (R.I. 2012).

Here, defendant contends that he would not have pled guilty to second-degree murder had he known about the diminished capacity defense and that he ought to have received a sentence commensurate with voluntary manslaughter, rather than second-degree murder. As a result, defendant argues, his life sentence is illegal because it exceeds the thirty-year maximum sentence for voluntary manslaughter. See § 11-23-3(a).[1] We are not persuaded by defendant's arguments.

First, defendant's contention that he is entitled to the maximum thirty-year sentence associated with manslaughter is incorrect. See Miguel II, 924 A.2d at 5. The defendant pled guilty to second-degree murder and, in the process, was fully informed of his rights, including

---

[1]    General Laws 1956 § 11-23-3(a) provides as follows: "Every person who shall commit manslaughter shall be imprisoned not exceeding thirty (30) years."

the right to present the defense of diminished capacity before a trier of fact;[2] the inexorable fact is that defendant expressly waived each of said rights.

Second, defendant's attempt to use a Rule 35 motion as a vehicle to challenge the merits of his conviction for second-degree murder—rather than voluntary manslaughter—is improper. See Murray, 44 A.3d at 141. He is statutorily authorized only to challenge the sentence itself, and life imprisonment is within the purview of Rhode Island's statute prescribing the penalties for murder. See § 11-23-2. Having concluded that defendant's sentence is not illegal, we perceive no other basis in the record for reducing his sentence. Accordingly, we hold that there was no error in the hearing justice's decision to deny the Rule 35 motion.

## B

### Defendant's Constitutional Claims

The defendant also contends that the continued imposition of his life sentence violates his rights under the Eighth Amendment to the United States Constitution and article 1, section 8 of the Rhode Island Constitution. Specifically, he argues that the life sentence is grossly disproportionate to the offense committed, unduly harsh, and excessive.

In view of defendant's validly entered plea of guilty to second-degree murder, we reject his contention that his sentence constitutes a violation of the Eighth Amendment to the United States Constitution or article 1, section 8 of the Rhode Island Constitution. The defendant's arguments in support of his contention return to his primary claim on appeal: that he ought to have received a sentence commensurate with voluntary manslaughter, rather than second-degree

---

[2] The defendant asserts that he was not aware of the diminished capacity defense and that, if he had been made aware, he would not have pled guilty; however, the record demonstrates otherwise. In Miguel v. State, 774 A.2d 19, 22 (R.I. 2001), we affirmed the lower court's findings that defendant's counsel informed him of the diminished capacity defense, engaged an expert to assist in presenting the defense at trial, and apprised him fully of the consequences of a plea in terms of utilizing that defense.

murder. However, in this case, the opportunity to have raised a diminished capacity defense at trial—an opportunity defendant expressly waived at his plea hearing—does not bear on the constitutionality of the sentence imposed following defendant's validly entered plea to second-degree murder.

In sum, given the charge to which the defendant pled guilty in this case and the statutory authority for the sentence imposed, we hold that the defendant's life sentence was not grossly disproportionate to the offense he committed, unduly harsh, or otherwise excessive. The defendant's constitutional arguments have no merit, and we affirm the Superior Court's resolution of his claims in that regard.

**IV**

**Conclusion**

We affirm the Superior Court's decision to deny the defendant's Rule 35 motion to reduce an illegal sentence. The record may be returned to that tribunal.



**RHODE ISLAND SUPREME COURT CLERK'S OFFICE**

*Clerk's Office Order/Opinion Cover Sheet*

TITLE OF CASE:      State v. John S. Miguel.

CASE NO:      No. 2010-131-C.A.
           (P1/90-4217A)

COURT:      Supreme Court

DATE OPINION FILED:  November 10, 2014

JUSTICES:      Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

WRITTEN BY:      Associate Justice William P. Robinson III

SOURCE OF APPEAL:      Providence County Superior Court

JUDGE FROM LOWER COURT:

      Associate Justice Francis J. Darigan, Jr.

ATTORNEYS ON APPEAL:

      For State:  Aaron L. Weisman
              Department of Attorney General

      For Defendant:  John S. Miguel, Pro Se