April 1, 2025

**Supreme Court**

No. 2022-276-M.P.
(WM 15-582)

Christopher Thornton            :

          v.                    :

State of Rhode Island.          :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Christopher Thornton :

v. :

State of Rhode Island. :

Present: Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

**O P I N I O N**

**Chief Justice Suttell, for the Court.** This Court granted the state's petition for a writ of certiorari to review a Superior Court judgment partially granting Christopher Thornton's application for postconviction relief, thereby vacating his convictions of felony assault resulting in serious bodily injury and witness intimidation. The state submits that the hearing justice erred in granting Thornton postconviction relief because Thornton's claims were barred by the doctrine of *res judicata*. This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in the state's petition should not be summarily decided. After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument. For the reasons set forth in this opinion, we quash the amended judgment of the Superior

Court insofar as it vacated Thornton's convictions for felony assault resulting in serious bodily injury and witness intimidation.

## I

### Facts and Travel

In 1997, following a jury trial, Thornton was found guilty of (1) assault with a dangerous weapon; (2) assault resulting in serious bodily injury; (3) violating a no-contact order; (4) kidnapping; and (5) intimidating a witness. Thereafter, Thornton was sentenced to serve (1) twenty years for assault with a dangerous weapon; (2) twenty years for assault resulting in serious bodily injury; (3) ten years for violating a no-contact order; (4) twenty years for kidnapping; and (5) five years for intimidating a witness; all sentences to run consecutively. This Court upheld these convictions in *State v. Thornton*, 800 A.2d 1016 (R.I. 2002). Thornton thrice petitioned for, and was denied, postconviction relief. *State v. Thornton*, 68 A.3d 533, 536 (R.I. 2013).

On November 25, 2015, Thornton petitioned the Superior Court for postconviction relief for the fourth time, raising numerous claims. On May 12, 2016, the state was heard on its motion to dismiss on the grounds of *res judicata*. At the conclusion of the hearing, the hearing justice indicated that she was concerned about several issues that Thornton had raised. She appointed counsel for him and said she

- 2 -

would defer on the state's motion to dismiss. Thereafter, the state again filed a motion to dismiss.

An evidentiary hearing eventually commenced in January 2020, at the beginning of which the state renewed its motion to dismiss on the basis of *res judicata*. The hearing justice granted the motion save for two issues—the failure to instruct the jury regarding the definition of serious bodily injury and the alleged failure of trial counsel to convey a plea offer. The hearing proceeded with respect to those two issues. In December 2021 the hearing justice issued a bench decision. She denied the claim of ineffective assistance of counsel for failure to convey a plea offer, but she granted relief on Thornton's claim that the trial justice failed to instruct the jury on serious bodily injury.[1] Consequently, she vacated his conviction on the charge of assault resulting in serious bodily injury.

After rendering her decision, the hearing justice indicated that she would continue the matter for the parties to address additional issues. The state objected and requested that the hearing justice "at some point issue a decision" on the issue of *res judicata*.

---

[1] For clarity, we use "hearing justice" to refer to the Superior Court justice who conducted hearings on Thornton's applications for postconviction relief, and we use "trial justice" to refer to the Superior Court justice who presided over Thornton's 1997 criminal trial.

The matter next came before the Superior Court in July 2022, at which time additional issues were addressed, including the alleged failure of the trial justice to instruct the jury that felony assault should be considered a lesser-included offense of assault with intent to murder, and the trial justice's alleged deficient instructions on witness intimidation. Ultimately, the hearing justice granted Thornton's application in part. She reprised her decision concerning the jury instructions on serious bodily injury and found the instructions on witness intimidation to be deficient. Consequently, she vacated Thornton's convictions for assault resulting in serious bodily injury and intimidating a witness. The hearing justice based her decision to vacate these convictions on her finding that the trial justice had provided the jury with inadequate instructions.

Before rendering her bench decision that vacated the conviction for assault resulting in serious bodily injury, the hearing justice read aloud the trial justice's jury instructions. She subsequently held that:

> "The trial justice completely omitted the statutory definition of serious bodily injury[.] * * * The omission of this mandatory definitional material, in said instructions, left the jurors to speculate and conjecture, in their own individual lay assessments, without any consistency or guide, as to what would constitute or could constitute serious bodily injury, which had to be proven beyond a reasonable doubt. In the [c]ourt's opinion, this omission is a fatal defect upon which the conviction cannot constitutionally rest; therefore, [Thornton]'s

- 4 -

request for postconviction relief, as to Count [five], is granted."

During the same hearing, the hearing justice granted Thornton's application for postconviction relief related to his conviction for witness intimidation, ruling:

> "The trial justice completely omitted the definition of * * * criminal proceeding as provided in * * * Rhode Island General Laws 11-32-5 * * *. Once again, the jurors were left to determine, in their own individual mind, what might constitute a criminal proceeding. This omission and failure to instruct properly * * * is, likewise, in this [c]ourt's estimation, a fatal error and cannot constitutionally support the conviction on Count [nine]."

An order entered on July 26, 2022, granting Thornton's petition to vacate his conviction as to assault resulting in serious bodily injury and witness intimidation. His petition was denied as to assault with a dangerous weapon and ineffective assistance of counsel. An amended judgment to that effect entered the same day. Both parties petitioned for writs of certiorari. We denied Thornton's petition on October 13, 2023, and granted the state's petition on October 16, 2023.

## II

### Standard of Review

"A party aggrieved by a final judgment entered in response to a postconviction-relief application may seek review by filing a petition for writ of certiorari." *LeFebvre v. State*, 313 A.3d 1156, 1162 (R.I. 2024) (quoting *Atryzek v. State*, 268 A.3d 37, 41 (R.I. 2022)). This Court's "review of a case on certiorari is

- 5 -

limited to an examination of the record to determine if an error of law has been committed." *Id.* (quoting *Atryzek*, 268 A.3d at 41). "In addition to examining the record for judicial error," this Court inspects "the record to discern if there is any legally competent evidence to support the findings of the hearing justice below." *Id.* (quoting *Atryzek*, 268 A.3d at 41). "This Court will not disturb a trial justice's factual findings made on an application for post-conviction relief absent clear error or a showing that the trial justice overlooked or misconceived material evidence in arriving at those findings." *Id.* (quoting *Atryzek*, 268 A.3d at 41).

## III

## Discussion

Before this Court, the state argues that Thornton was precluded from bringing his postconviction-relief claims before the Superior Court pursuant to the doctrine of *res judicata*. The state submits that the hearing justice "should have summarily denied each claim based on the doctrine of *res judicata* codified in [G.L. 1956] § 10-9.1-8."

Section 10-9.1-8 provides:

> "All grounds for relief available to an applicant at the time he or she commences a proceeding under this chapter must be raised in his or her original, or a supplemental or amended, application. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the applicant has taken

to secure relief, may not be the basis for a subsequent application, unless the court finds that in the interest of justice the applicant should be permitted to assert such a ground for relief."

This Court has previously held that "§ 10-9.1-8 codifies the doctrine of *res judicata* for postconviction-relief applications." *Ramirez v. State*, 933 A.2d 1110, 1112 (R.I. 2007). Furthermore, "[§] 10-9.1-8 provides a procedural bar not only to issues that have been raised and decided in a previous postconviction-relief proceeding, but also to '[the []litigation of any issue that *could have been litigated* in a prior proceeding, even if the particular issue was not raised.'" *Ferrell v. Wall*, 971 A.2d 615, 620 (R.I. 2009) (quoting *Ouimette v. State*, 785 A.2d 1132, 1138 (R.I. 2001)). This Court has further recognized that "any claim barred by *res judicata* is subject to summary dismissal, 'unless the court finds that in the interest of justice the applicant should be permitted' to pursue it." *Campbell v. State*, 56 A.3d 448, 457 (R.I. 2012) (quoting § 10-9.1-8).

In the case at bar, the state argues that the interest-of-justice exception to our well-settled postconviction-relief *res judicata* doctrine does not apply to Thornton. Specifically, the state suggests that both claims granted by the Superior Court do not "involve newly discovered evidence or actual innocence." The state correctly points out that this Court has "applied the doctrine of *res judicata* to bar postconviction relief arguments regarding faulty or otherwise improper jury instructions." (Citing

*Otero v. State*, 996 A.2d 667, 672 (R.I. 2010); *Perez v. State*, 57 A.3d 677, 682 (R.I. 2013).)

In response, Thornton contends that the interest-of-justice exception applies to his claims because he is a *pro se* litigant, and his previous appointed counsel did not raise the issue of faulty jury instructions for the counts at issue in this case and, instead, submitted *Shatney*[2] memoranda to highlight the weakness in his *pro se* claims. Thornton observes that *Shatney* memoranda are no longer permitted in Rhode Island criminal proceedings, as this Court abrogated *Shatney* in *Motyka v. State*, 172 A.3d 1203 (R.I. 2017). Thornton further argues that the hearing justice did not err in vacating the two convictions at issue in this case because "it is the hearing justice that is best situated to identify when a prior injustice rises to the level of good cause to invoke the exception of the *res judicata* doctrine, and nothing about this case suggests that she failed to fully consider all relevant factors."

In her bench decision, the hearing justice granted part of Thornton's application for postconviction relief without addressing the *res judicata* arguments presented by the state. The hearing justice, therefore, did not address whether Thornton's claims fit within the interest-of-justice exception to the general *res judicata* rule that would render Thornton's claims barred.

---

[2] *Shatney v. State*, 755 A.2d 130 (R.I. 2000).

Our review of the record reveals that Thornton's claims were statutorily barred by the doctrine of *res judicata* as set forth in § 10-9.1-8. Indeed, "[t]his Court repeatedly has said that the doctrine of *res judicata* 'provides a procedural bar not only to issues that have been raised and decided in a previous postconviction-relief proceeding, but also to the []litigation of any issue that *could have been litigated* in a prior proceeding, even if the particular issue was not raised.'" *Mattatall v. State*, 126 A.3d 480, 481 (R.I. 2015) (mem.) (quoting *Ferrell*, 971 A.2d at 620). The language of § 10-9.1-8 is clear. In a postconviction-relief context, "[a]ll grounds for relief * * * must be raised in [an] original, or a supplemental or amended, application. Any ground finally adjudicated or not so raised * * * may not be the basis for a subsequent application, unless the court finds that in the interest of justice the applicant should be permitted to assert such a ground for relief." Section 10-9.1-8.

Therefore, in order to survive preclusion by *res judicata*, Thornton's claims must fall within the interest-of-justice exception. Based upon our review of the hearing justice's decision, it does not appear that she addressed the doctrine of *res judicata*, or whether Thornton's claims may be excused therefrom in the interest of justice. This Court has held:

> "Under § 10-9.1-8, an applicant is permitted to assert an otherwise estopped ground for relief only if it is in the 'interest of justice.' Although the term 'interest of justice'

> can be defined only upon a review of the facts in a particular case, there nevertheless must be some sufficient finding, articulation, or explanation by the motion justice that an issue barred by the doctrine of *res judicata* merits consideration in the interest of justice." *Ferrell*, 971 A.2d at 621.

Consequently, without explanation of why Thornton's claims may survive *res judicata* in the interest of justice, we hold that the hearing justice erred in granting postconviction relief on the counts of assault resulting in serious bodily injury and witness intimidation. Furthermore, we glean nothing in the record to support Thornton's argument that, pursuant to the interest of justice, his claims should not be barred by *res judicata*.

Although "[t]his Court never has definitively construed the phrase 'interest of justice' as it is used in § 10-9.1-8 * * * it is apparent that applicant has not demonstrated that the interest of justice requires this Court to revisit an issue that applicant could have raised in his first application for postconviction relief." *Ferrell*, 971 A.2d at 621. Here, "[w]e are not confronted with a case of actual innocence or newly discovered evidence." *Miguel v. State*, 924 A.2d 3, 5 (R.I. 2007) (mem.). Nor do we accept Thornton's proffered reason that the failure to raise the issue in previous postconviction-relief petitions was the fault "of the no-merit *Shatney* memos." In this case, no compelling reason is found to except Thornton's claims from the doctrine of *res judicata* in the interest of justice. *See Ramirez*, 933 A.2d at

- 10 -

1112 ("[The applicant] raised claims for the first time in his third postconviction-relief application, yet he provided scant reason why such arguments could not have been raised in either his first or second application. * * * We are satisfied * * * that § 10-9.1-8 bars consideration of his new claims."). As such, because the interest-of-justice exception does not save Thornton's claims, they should have been precluded from the proceeding before the Superior Court.

## IV

## Conclusion

For the foregoing reasons, we quash the portions of the Superior Court amended judgment that vacated Thornton's convictions for felony assault resulting in serious bodily injury and witness intimidation. The papers in this case may be remanded to that tribunal.



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE

Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Christopher Thornton v. State of Rhode Island. |
| **Case Number** | No. 2022-276-M.P.<br>(WM 15-582) |
| **Date Opinion Filed** | April 1, 2025 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Chief Justice Paul A. Suttell |
| **Source of Appeal** | Washington County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Melanie Wilk Thunberg |
| **Attorney(s) on Appeal** | For State:<br><br>Judy Davis<br>Department of Attorney General |
| | For Respondent:<br><br>Kara Hoopis Manosh, Esq. |