**Frederick M. HEON, Jr.**

v.

**STATE of Rhode Island.**

**No. 2010–180–APPEAL.**

Supreme Court of Rhode Island.

June 3, 2010.

Frederick M. Heon, Jr.

Aaron L. Weisman.

**ORDER**

This case came before the Court at a session in conference pursuant to Article I, Rule 12A(3)(b) of the Supreme Court Rules of Appellate Procedure. After reviewing the record and the parties' pre-briefing statements, we proceed to decide the case at this time without further briefing or argument.

The applicant, Frederick M. Heon, Jr., appeals from a Superior Court judgment granting the state's motion to dismiss his application for postconviction relief. In 1991, the applicant entered a plea of nolo contendere to charges of first-degree sexual assault, intimidation of a witness, and six counts of assault with a dangerous weapon. He filed the present application for postconviction relief in 2008. The state filed a motion to dismiss Heon's application on the grounds that it was time-barred under the doctrine of laches.

A hearing was held on the state's motion to dismiss the application. The state argued that it would be unfair to ask the state to prosecute this crime eighteen years after Heon's conviction, but it presented no evidence to support this assertion. The hearing justice determined that the state had shown prejudice as a result of the nearly twenty-year delay between the time of conviction and the filing of the application. He concluded that this delay was unreasonable "as a matter of law" and granted the motion to dismiss. Judgment was entered in favor of the state and the applicant filed a timely notice of appeal.

We note that the state failed to clearly state upon which rule the motion was based. As one of the grounds for the motion, the state asserted that the applicant failed to state a claim upon which relief could be granted. In its memorandum in support of the motion, however, the state suggested that summary judgment would be appropriate. Because the hearing justice considered matters outside of the pleadings, we treat the motion as one for summary judgment. *See* Super. R. Civ. P. 12(b).

This Court has held that the defense of laches may be properly invoked by the state as an affirmative defense to an application for postconviction relief. *Raso v. Wall,* 884 A.2d 391, 394 (R.I.2005). In order to prove the defense of laches, "the state has the burden of proving by a preponderance of the evidence that the applicant unreasonably delayed in seeking relief *and* that the state is prejudiced by the delay." *Id.* at 395. Whether or not there has been unreasonable delay, and whether the state has been prejudiced by the delay, are both questions of fact, which require that specific "determination[s] * * * be made in light of the circumstances of the particular case." *Id.* at 396 (citing *Lombardi v. Lombardi,* 90 R.I. 205, 209, 156 A.2d 911, 913 (1959)). We also noted in *Raso,* 884 A.2d at 396 n. 13 that we would not "exclude the possibility of summary judgment being granted on the ground of laches in a particular case." We stated, however, that because the state did not present any evidence in support of its laches argument, the case would be remanded

to allow the Superior Court to make the necessary findings and conclusions of law with respect to the issue of laches.

In the instant case, as in *Raso*, the state did not present any evidence in support of its laches argument, and the hearing justice did not make specific findings of fact. For this reason, we vacate the judgment dismissing the applicant's application for postconviction relief and remand the case for a hearing on the issue of laches.