**Supreme Court**

No. 2013-131-Appeal.
(KM 12-743)

Amadeu Santos                    :

v.                    :

State of Rhode Island.                    :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Amadeu Santos          :

v.          :

State of Rhode Island.          :

Present: Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Chief Justice Suttell, for the Court.**  The applicant, Amadeu Santos, appeals from the denial of his application for postconviction relief.  Santos contends that the hearing justice erred in finding that his application was barred by the doctrine of laches.  This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided.  After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument.  For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

**I**

**Facts and Procedural History**

On August 1, 1996, Amadeu Santos was charged by indictment with three counts of second-degree sexual assault by force or coercion against two women, in violation of G.L. 1956 § 11-37-4 and § 11-37-5.  After initially pleading not guilty to these three counts, Santos made a request to enter a plea of nolo contendere under the dictates of North Carolina v. Alford, 400

U.S. 25 (1970).[1]  A plea hearing was held on March 16, 1998, during which the hearing justice accepted Santos's plea and sentenced him to a suspended sentence of five years with five years probation.  As conditions of his probation, Santos was required to register as a sex offender, to receive counseling, and to refrain from having contact with the two victims.  Santos completed his probation and complied with the sex-offender registration requirements.  He is no longer required to register in Rhode Island as a sex offender; however, Santos asserts that if he moves to another state, he will be required to register as a sex offender in that state.

On June 22, 2012, more than fourteen years after his plea hearing, Santos filed a verified application for postconviction relief pursuant to G.L. 1956 § 10-9.1-1.  Santos asserted that the March 16, 1998 plea colloquy did not comply with Rule 11 of the Superior Court Rules of Criminal Procedure.[2]  Specifically, Santos contended that his plea was not knowing, intelligent, and voluntary because the court's colloquy "failed to contain sufficient factual evidence to prove the three charges against him."  Santos further asserted that he was not made aware that "sexual contact," which is an element of second-degree sexual assault, entailed the touching of a

---

[1] Pursuant to <u>North Carolina v. Alford</u>, 400 U.S. 25, 38 (1970), a court may accept a defendant's plea of guilty or nolo contendere, notwithstanding his or her protestations of innocence, if the court is satisfied that there is a factual basis for the plea.

[2] Rule 11 of the Superior Court Rules of Criminal Procedure provides:

> "A defendant may plead not guilty, guilty or, with the consent of the court, nolo contendere. The court may refuse to accept a plea of guilty, and shall not accept such plea or a plea of nolo contendere without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea. If a defendant refuses to plead or if the court refuses to accept a plea of guilty or if a defendant corporation fails to appear, the court shall enter a plea of not guilty. The court shall not enter a judgment upon a plea of guilty or nolo contendere unless it is satisfied that there is a factual basis for the plea."

complaining witness's "intimate parts" for the purposes of "sexual arousal, gratification, or assault."

The state filed a motion to dismiss Santos's application for postconviction relief pursuant to § 10-9.1-6,[3] arguing, <u>inter alia</u>, that Santos had waived his right to postconviction relief because he failed to file his application in a timely manner. In response, Santos argued that the state could not prove that he was aware of the insufficiency of his plea until he conferred with new counsel shortly before filing his application for postconviction relief.[4] On November 7, 2012, a hearing was held on Santos's application for postconviction relief as well as on the issues raised in the state's motion to dismiss. The state introduced as a stipulated exhibit the affidavit of Attorney William Devine, who represented Santos at the time of his plea in 1998. In this affidavit, Attorney Devine stated that he had "no independent recollection of [his] representation of Amadeu Santos." Attorney Devine further stated that he "[did] not remember specifically whether or not [he] reviewed the elements of second degree sexual assault with [] Amadeu Santos before he changed his plea," but he added that "it is [his] practice with any change of plea in a criminal matter to review the elements of the crime charged with [his] client." Attorney Devine asserted that he did "not possess any files or documents pertaining to this matter."

On December 10, 2012, the hearing justice issued a written decision denying Santos's application for postconviction relief. The hearing justice found that Santos's application was

---

[3] General Laws 1956 § 10-9.1-6(c) provides:
> "The court may grant a motion by either party for summary disposition of the [postconviction relief] application when it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law."

[4] Santos also argued that the state would be unable to prove prejudice caused by the delay. This argument is not presented on appeal.

barred by the doctrine of laches; he did not reach the merits of Santos's claim. An order denying Santos's application for postconviction relief was entered on January 17, 2013, and Santos filed a timely notice of appeal. Judgment was entered on May 15, 2013.[5]

## II

## Standard of Review

"For the purposes of appellate review, 'the application of the defense of laches is generally committed to the discretion of the trial justice.'" School Committee of Cranston v. Bergin-Andrews, 984 A.2d 629, 644 (R.I. 2009) (quoting O'Reilly v. Town of Glocester, 621 A.2d 697, 703 (R.I. 1993)). "We will not reverse the trial justice's decision on what constitutes laches on appeal 'unless it is clearly wrong.'" Id. (quoting Arcand v. Haley, 95 R.I. 357, 364, 187 A.2d 142, 146 (1963)). Additionally, this Court "will not disturb a trial justice's factual findings made on an application for post-conviction relief absent clear error or a showing that the trial justice overlooked or misconceived material evidence in arriving at those findings." Bell v. State, 71 A.3d 458, 460 (R.I. 2013) (quoting Chapdelaine v. State, 32 A.3d 937, 941 (R.I. 2011)). "We will, however, 'review de novo any post-conviction relief decision involving * * * mixed questions of law and fact pertaining to an alleged violation of an applicant's constitutional rights.'" Id. (quoting Chapdelaine, 32 A.3d at 941).

## III

## Discussion

As this Court has explained, "[l]aches is an equitable defense that precludes a lawsuit by a plaintiff who has negligently sat on his or her rights to the detriment of a defendant." Bergin-Andrews, 984 A.2d at 644 (quoting O'Reilly, 621 A.2d at 702). The state may invoke the

---

[5] Because final judgment entered, Santos's premature notice of appeal is valid. See Chapdelaine v. State, 32 A.3d 937, 941 n.1 (R.I. 2011).

defense of laches as an affirmative defense to an application for postconviction relief. See Heon v. State, 19 A.3d 1225, 1225 (R.I. 2010) (mem.) (citing Raso v. Wall, 884 A.2d 391, 394 (R.I. 2005)).

"In order to prove the defense of laches, 'the state has the burden of proving by a preponderance of the evidence that the applicant unreasonably delayed in seeking relief and that the state is prejudiced by the delay.'" Heon, 19 A.3d at 1225 (quoting Raso, 884 A.2d at 395 (emphasis omitted)). As we have previously held,

> "[l]aches, in legal significance, is not mere delay, but delay that works a disadvantage to another. So long as parties are in the same condition, it matters little whether one presses a right promptly or slowly, within limits allowed by law; but when, knowing his rights, he takes no steps to enforce them until the condition of the other party has, in good faith, become so changed that he cannot be restored to his former state, if the right be then enforced, delay becomes inequitable and operates as an estoppel against the assertion of the right." Bergin-Andrews, 984 A.2d at 644 (quoting O'Reilly, 621 A.2d at 702).

"Whether or not there has been unreasonable delay, and whether the state has been prejudiced by the delay, are both questions of fact, which require that specific 'determination[s] * * * be made in light of the circumstances of the particular case.'" Heon, 19 A.3d at 1225 (quoting Raso, 884 A.2d at 396). We have said, however, that "[w]e do not exclude the possibility of summary judgment being granted on the ground of laches in a particular case." Raso, 884 A.2d at 396 n.13.

On appeal, Santos concedes that the fourteen-year delay satisfies the prejudice prong of the laches defense. Thus, the only issue currently before this Court for review is whether the hearing justice erred in finding that the delay was unreasonable. The state argues that the length of the delay in this case is "sufficient to imply unreasonableness and a lack of reasonable diligence" on the part of Santos. The state asserts that the delay was unreasonable because

Santos should have been aware of the basis for his postconviction-relief claim at the time of his plea. According to the state, the fact that Santos did not file his application for postconviction relief until he was faced with a potential sex-offender registration requirement in another state shows that he was merely "disgruntled about the collateral consequences of his conviction" rather than "confused about the nature of the offense to which he pled." Furthermore, the state contends that Santos had access to a privately retained attorney in 2002; if he had been confused about the validity of his plea, he could have asked that attorney, rather than wait until 2011, when he retained the attorney who filed the instant application for postconviction relief.

Santos, on the other hand, argues on appeal that the state failed to prove that he negligently failed to assert a known right. Santos asserts that he was unaware until his consultation with new counsel in 2011 that the "sexual contact" element of second-degree sexual assault is defined as a touching for the purpose of sexual arousal or gratification.[6] Santos further contends that "the charging document and the prosecutor's representation at the plea hearing used only the term 'sexual contact,' which was not sufficient to put Mr. Santos on notice of the intent requirement of the offense charged." Thus, Santos explains that he did not become "aware

---

[6] Pursuant to G.L. 1956 § 11-37-4, second-degree sexual assault is defined as follows:
> "A person is guilty of a second degree sexual assault if he or she engages in sexual contact with another person and if any of the following circumstances exist:
> > "(1) The accused knows or has reason to know that the victim is mentally incapacitated, mentally disabled or physically helpless.
> > "(2) The accused uses force or coercion.
> > "(3) The accused engages in the medical treatment or examination of the victim for the purpose of sexual arousal, gratification or stimulation."

"Sexual contact" is defined as "the intentional touching of the victim's or accused's intimate parts, clothed or unclothed, if that intentional touching can be reasonably construed as intended by the accused to be for the purpose of sexual arousal, gratification, or assault." Section 11-37-1(7).

of his own unawareness" regarding the nature of the charged offenses until he consulted with new counsel. According to Santos, the hearing justice misconceived the nature of his claim by assuming that he was aware of his confusion at the time of the plea.

At the hearing, Santos conceded that the court could consider the reasonableness of the delay in light of the nature of the allegations made in the application, but argued that the state presented no evidence that he was aware of a legal remedy. Santos's counsel later emphasized this point when responding to the hearing justice's question, "Was [Santos] aware of the facts or was he aware of the remedy[?] You've argued both." Santos's counsel said, "That's correct, but really, it's the remedy, Judge. Was he aware that he had a remedy to reopen this matter back in 199[8], at the moment he was aggrieved[?]" The following exchange further clarifies the nub of Santos's argument:

> "The COURT: But you're saying that it's Mr. Santos'[s] state of mind and his knowledge or lack of knowledge of what remedy might be available to him based on the facts he brings to the Court's attention today --
> "[Defense Counsel]: Certainly -- I'm sorry.
> "The COURT: -- that controls the question of the reasonableness of his delay.
> "[Defense Counsel]: What I'm saying, Judge, is that laches is their burden. The first prong is unreasonable and inexcusable delay, and the [s]tate offered no evidence as to that, other than the fact that there has been a 14-year delay. * * * [T]here is no evidence presented before you that Mr. Santos was aware of this legal remedy.
> "The COURT: So Mr. Santos'[s] subjective lack of knowledge of a remedy is controlling on whether or not he delayed unreasonably?
> "[Defense Counsel]: In a nutshell, yes, your Honor."

On appeal, however, Santos seems to have abandoned the contention that the delay in filing his application for postconviction relief was caused by his unawareness that this remedy existed;

instead, he has focused on the argument that he delayed because he was unaware of his own confusion regarding the nature of the charges to which he pled.

The hearing justice aptly noted in his written decision that "[t]he [s]tate need not introduce direct evidence that the delay was unreasonable," and that "the [c]ourt, considering the circumstances as a whole, may draw reasonable inferences from such circumstances in finding the delay to have been unreasonable." See Shappy v. Downcity Capital Partners, Ltd., 973 A.2d 40, 45 (R.I. 2009) ("where the facts suggest only one reasonable inference, the trial justice may properly treat the question as a matter of law" and grant summary judgment) (quoting Kennedy v. Providence Hockey Club, Inc., 119 R.I. 70, 77, 376 A.2d 329, 333 (1977)). Here, the circumstances of Santos's case are that he waited fourteen years to file his application and that, during that time, he had repeated contact with the judicial system in the form of fulfilling his obligations to register as a sex offender, appearing before the court in relation to his probation requirements, and making two motions for permission to travel, for which he retained private counsel.

The hearing justice found that the state met its burden of proving that Santos's delay was unreasonable. He stated: "The [c]ourt believes that the ground asserted for post-conviction relief was known, or should have been known, to [applicant] well earlier than fourteen years after the plea. Thus, the [c]ourt finds that the [s]tate has met its burden of proving the delay to have been unreasonable." It is a well-established principle that this Court gives great deference to a hearing justice's factual findings. Otero v. State, 996 A.2d 667, 670 (R.I. 2010). The hearing justice in this case found as fact that Santos was aware of the basis for his application for postconviction relief at the time of his plea; we cannot say that his decision regarding the unreasonableness of

Santos's delay was clearly wrong or constituted an abuse of discretion.  Accordingly, we affirm the judgment of the Superior Court.

## IV

## Conclusion

For the reasons stated herein, we affirm the judgment of the Superior Court.  The record shall be returned to the Superior Court.



**RHODE ISLAND SUPREME COURT CLERK'S OFFICE**

*Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**   Amadeu Santos v. State of Rhode Island.

**CASE NO:**   No. 2013-131-Appeal.
(KM 12-743)

**COURT:**   Supreme Court

**DATE OPINION FILED:**   June 2, 2014

**JUSTICES:**   Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**   Chief Justice Paul A. Suttell

**SOURCE OF APPEAL:**   Kent County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Allen P. Rubine

**ATTORNEYS ON APPEAL:**

For Petitioner:  Janice M. Weisfeld
Office of the Public Defender

For State:  Lauren S. Zurier
Department of Attorney General